## HENRY DOYLE v. ANSON A. GIBBS.

### (GENERAL TERM FOURTH DEPARTMENT, DECEMBER, 1871.)

One occupying a house as servant of the owner, upon termination of the service was permitted to retain possession upon payment of rent until the condition of his wife should allow her removal. *Held*, that the duration of the occupancy depending on a contingent future event, the relation of tenancy at will or by sufferance did not arise between the parties.

*Held*, also, that the occupant held under a mere license for the time agreed, and no notice to quit was necessary.

THIS was a motion for a new trial, upon a case made and exceptions ordered to be heard in the first instance at General Term.

The action was replevin, and the plaintiff had a verdict for the value of the property claimed, and nominal damages, upon facts which are stated in the opinion.

*E. A. Nash*, for the defendant, cited *Haywood* v. *Miller* (3 Hill, 90); *People* v. *Aimes* (45 Barb., 304); *Ely* v. *Ehle* (3 N. Y., 507); *Nichols* v. *Primer* (18 N. Y., 313); *Newman* v. *Jeune* (47 Maine, 520, 522); *Spalding* v. *Spalding* (3 How., 299); 2 Greenl. Ev., § 642; Hilliard on Torts (3d ed., 77; 2 id., 97); *Heald* v. *Carey* (3 Eng. L. & Eq., 429); *Cobb* v. *Dows* (9 Barb., 230); *Boyce* v. *Brockway* (31 N. Y., 490); *Parks* v. *Purdy* (11 Mo., 219); *Bushel* v. *Miller* (1 Strange, 128); *Fould* v. *Willoughby* (8 Mees. & W., 540); *Van Valkenburgh* v. *Thayer* (57 Barb., 196); *Thorogood* v. *Robinson* (6 Ad. & Ell [N. S.], 769); *Peck* v. *Knox* (1 Sweeney, 311); *Stockwell* v. *Phelps* (34 N. Y., 364, 365).

*H. Decker*, for the plaintiff, cited *Burns* v. *Bryant* (31 N. Y., 454); *Sarsfield et al.* v. *Healy* (50 Barb., 248); *Post* v. *Post* (14 Barb. , 353); *Connah* v. *Hale* (23 Wend., 462, and cases there cited); *Allen* v. *Crary* (10 id., 462; 1 Keyes, 468); *Wheeler* v. *McFarland* (10 id., 324); *Boyce*

Doyle *v.* Gibbs.

*et al.* v. *Brockway* (31 N. Y., 490); *Cobb* v. *Dows et al.* (9 Barb., 242).

Present—MULLIN, P. J.; JOHNSON and TALCOTT, JJ.

MULLIN, P. J. This is an action of replevin, brought to recover the possession of a quantity of household property, which the plaintiff alleges the defendant has unlawfully taken and detained.

The plaintiff entered into an agreement with defendant to work for him as laborer; he was to have toward his wages the use of a cow and pasture for her, the use of a house and other property and privileges, and twenty dollars per month as long as they could agree.

The plaintiff commenced work for defendant about the 1st April, 1869, and took possession of a house belonging to the defendant and continued to work for him for about seven months, when defendant, as plaintiff claims, discharged him from his employment. At the time of the discharge defendant told plaintiff he must have possession of the house, and plaintiff promised to give up the possession as soon as his wife was well enough to be removed. The plaintiff testifies that the defendant then told him he must have rent for the use of the house and that he agreed to pay it. The defendant refused to rent it for any definite length of time. Plaintiff told him he wanted due notice when he must quit the premises, to which remark defendant made no reply; subsequently the defendant demanded rent, and plaintiff told him to deduct it from some money he says defendant owed him.

About the holidays plaintiff and his wife went to visit her father, leaving their goods in the house, intending to return the next day, but the weather being bad they could not. While plaintiff and his wife were at her father's, plaintiff returned to the premises in question to feed his pigs left there. While plaintiff was thus absent, defendant entered the house and removed plaintiff's goods, from the rooms in which he left them, on to the stoop and into a small room in

the wood-shed, and put another person with his goods into possession. The room into which the goods were put was not fastened in any way, nor is there any claim of injury to them. After plaintiff left on his visit and before he went to find his goods, he drove away his pigs and a calf he had on the premises. No demand was made of defendant before suit for the goods.

The defendant on his own behalf testified there was no letting of the place for any particular term, nor was there any talk about rent, nor did he owe plaintiff anything from which rent could be deducted.

The court charged the jury that the tenancy terminated when plaintiff was discharged from defendant's employ, and defendant had the right to remove plaintiff's goods unless there was a new tenancy created after the former one terminated, by virtue of which plaintiff had the right to possession so long as he paid rent, or until a notice to quit was served. If such tenancy was created, defendant had no right to enter and put out plaintiff's goods and if he did, he was liable in this action. The only exception to the charge is in these words, the defendant's counsel excepted to that part of the charge in which the jury is instructed that the defendant was liable in this form of action. The court had given no such instruction, unless accompanied by qualifications that rendered instruction entirely proper. If the defendant is entitled to a new trial upon any ground taken or suggested at the trial, it is because his motion for a nonsuit was improperly denied. The motion was denied on the ground that there was evidence in the case of an agreement between the parties, after the plaintiff was discharged, that the plaintiff should remain in possession as a tenant of defendant so long as he paid rent or until he had written notice to quit..

In order to a proper disposition of the question raised upon this motion it is necessary to ascertain the exact relation the parties occupied toward each other at the termination of the contract of hiring. That contract and the occupancy of the dwelling-house under it did not create the relation of land

lord and tenant, but that of master and servant only. This was directly decided in *Haywood* v. *Miller* (13 Wend., 90); *Doe* v. *Derry* (38 E. C. L. 291).

If the relation of landlord and tenant did not exist, the plaintiff was not in possession as a tenant holding over, after the expiration of his term, but he was in as a servant dismissed from service, but incapable by reason of the condition of his wife from removing. It was in this condition of things that the plaintiff asked permission to remain until his wife could get ready to leave, and that the plaintiff said he should look to him for rent. If an agreement is to be implied from the facts stated by the plaintiff, it must be an agreement that plaintiff remain, paying rent, until his wife was well enough to remove. No other time was talked of or desired by the plaintiff, and it is obvious that defendant only consented to plaintiff's occupancy until that event occurred. The plaintiff was not a tenant at will nor at sufferance, but until the happening of a future contingent event. It was shown that in December the wife was well enough to leave on a visit to her father, and that the plaintiff removed a part of his property to her father's.

In the absence of all evidence to the contrary, these facts established the wife's ability to remove, and, if so, the time for which plaintiff had permission to occupy had expired, and the defendant had the right to enter and put out the plaintiff's goods.

The learned judge would seem to have been of opinion that the new letting was to terminate at the will of the defendant, and hence plaintiff was entitled to notice to quit; but such is not the proof. The plaintiff was permitted to occupy only until his wife was well enough to remove. (Woodfall, 228; 3 Hill, 90; 2 Sup. U. S. Dig., 257, § 14; id., 289, § 56; id., 295, § 185; 12 J. R., 182; Woodf., 181.)

Assuming that the acts and declarations of the parties would justify the jury in finding an agreement that plaintiff might remain in possession, paying rent, the question then arises whether defendant was under any legal obligation to

give him notice to quit? The general rule is that notice to quit is necessary when the time at which the tenancy is to terminate is uncertain. Thus, in cases of tenancy at will, notice is indispensable. It seems to me this rule has no application to a case like the one before us. The relation of landlord and tenant never existed between the parties. Certainly not, prior to the plaintiff's discharge, and the new arrangement was, on the part of the defendant, a mere license to occupy.

In Woodfall's Landlord and Tenant (236) it is said that if a tenant whose lease has expired retains possession pending a treaty for another lease, he is not a tenant from year to year, but at will, so strictly as that no notice to quit is necessary.

In *Jackson* v. *Parkhurst* (5 J. R., 128) the facts were similar to those set out in the preceding extract, except that in this case the lessor's agent gave the tenant permission to occupy until he heard from the lessor.

The agreement in this case was no more distinctly proved than in *Ballentine* v. *McDowell* (2 Scam., 28). It was proved in that case that defendant, while in possession under a former agreement, had a conversation with plaintiff's agent, in which the latter desired the former to pay a certain amount of rent. This defendant refused to do, but offered a smaller sum, which was not agreed to, but defendant continued to occupy. It was held the evidence was insufficient to establish the relation of landlord and tenant, or to support an action for use and occupation.

In *McGee* v. *Gibson* (1 B. Munroe, 105) it was held that when a farmer employs a laborer for a year at a stipulated price per month, and agrees to provide him a house at two dollars per month, payable monthly, the laborer is a tenant at will, and when he ceases to labor his tenancy is determined, and no notice to quit is necessary.

I am of opinion that the ruling at the Circuit was erroneous upon each and all of the following grounds:

1st. The plaintiff was not a tenant holding over, but a mere servant, suffered to remain in his master's house after his time

of service had ended, and therefore the relation of landlord and tenant never existed between them.

2d. There was not sufficient evidence to justify the jury in finding an agreement to let the premises to the plaintiff.

3d. If there was an agreement it was to continue until the plaintiff's wife got well, and that event occurred before the defendant entered.

4th. If there was a tenancy, it was not one requiring notice to quit in order to terminate it.

Enough was done by the defendant to subject him to an action of trespass for his unlawful interference with the property, if his entry had not been justified. (*Foulder* v. *Willoughby*, 8 M. & W., 540.)

The order refusing a new trial is reversed, and a new trial granted, costs to abide the event.

New trial granted.