NATHAN METZGER, Respondent, v. GEORGE W. CARR and Others, Appellants, Impleaded, etc.

*Demurrer to an answer — a defense not demurred to will not be set aside — the sufficiency of the complaint can be raised by such demurrer — a presumption will not be indulged in to destroy the complaint — effect on the debt of the acceptance of a note — directors of a corporation charged with its debts under section 8 of chapter 267 of 1875.*

Under a demurrer to several of the defenses set up in an answer, it is error for the court to hold that a defense, not demurred to, was bad.

The question of the sufficiency of a complaint can be raised by a demurrer to the defendant's answer, and although the defense to the complaint be bad, the demurrer thereto will not be sustained if the complaint itself is insufficient.

Where, upon the face of a complaint, it does not appear that a promissory note was given for a past or an existing indebtedness, no presumption will be indulged in for the purpose of destroying the sufficiency of the pleading, but it is a matter to be pleaded, if the facts warrant it, as a defense; upon the argument of a demurrer every inference will be indulged in to support rather than to overthrow the pleading in the action.

The complaint in an action brought to enforce the liability of the directors of an athletic club, pursuant to section 8 of chapter 267 of the Laws of 1875, showed that a judgment had been recovered against the club corporation upon promissory notes given by it. The complaint was silent as to whether the notes upon which such judgment was recovered were given as the original evidence of the indebtedness of the corporation or merely as evidence of a past indebtedness.

*Held,* that to create a liability on the part of the defendants they must have been directors of the corporation at the time of the creation of the indebtedness, and that the fact that they were trustees thereof at the time of the giving of the notes, if they were given for a past indebtedness, was not sufficient to charge them with liability;

That there was no presumption as to whether the notes were given in payment of a past or an existing indebtedness.

The acceptance of a note by a creditor of a corporation does not merge or extinguish the original indebtedness of such corporation, but only operates to extend the time of the payment thereof, and where an action is not brought against the corporation within one year after the accruing of the original indebtedness, the directors thereof cannot be held personally liable for the amount of such indebtedness under the provisions of section 8 of chapter 267 of the Laws of 1875.

APPEAL by the defendants, George W. Carr and others, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 19th day of February, 1894, upon the decision of the court rendered at the New York Special Term sustaining the plaintiff's demurrer to the answer of the defendants, and also from the decision or findings of the Special Term.

*George W. Carr,* for the appellants Carr and Hoyt.

*Dittenhoefer, Gerber & James,* for the appellant James.

*Bernard Metzger,* for the respondent.

O'BRIEN, J.:

The action is brought to enforce the liability of the directors or trustees of the Manhattan Athletic Club, pursuant to section 8,

chapter 267, Laws of 1875, which provides that "the trustees, directors or managers of any society or corporation organized under the provisions of this act shall be jointly or severally liable for all debts due from said society or corporation contracted while they are trustees, provided said debts are payable one year from the time they shall have been contracted, and provided a suit for the collection of the same shall be brought within one year after the debt shall become due and payable."

Two causes of action upon promissory notes are set up in the complaint, and, after alleging the incorporation of the club, it is averred that upon the respective dates it made its certain promissory notes and delivered the same to the plaintiff for value, which at maturity were not paid. It is further alleged that, at the time of the execution and delivery of such notes, the defendants and each of them were governors, trustees and managers of the club; that the notes were payable one day from date of their execution, and that less than one year has elapsed since they became due and payable, and that payment has been refused. Then follow allegations about suit being brought thereon and judgment obtained, and that the whole of the judgment remains unpaid.

The answer of defendants Carr and Hoyt sets up seven defenses :

1. They deny the allegation of liability either on the notes or judgments.

2. They allege that each of the notes was given for a debt theretofore due and owing by the club to plaintiff for goods and merchandise theretofore sold and delivered by plaintiff to the club, and that neither at the times the debts were contracted nor the notes given were the defendants *all* the trustees, but that at such times there were other trustees, and plead non-joinder.

3. They allege the non-joinder of the club.

4. They allege that when plaintiff took the club notes he elected to look only to the club for their payment, and thereby waived any liability of the trustees for the debt or for the notes.

5. They claim the provision of the act under which the liability is sought to be enforced is unconstitutional.

6. They allege that the judgments against the club are a bar.

7. They claim plaintiff had not, previous to this action, exhausted his remedy against the club although it had assets.

The answer of defendant James alleges no knowledge or information sufficient to form a belief as to any of the allegations of either cause of action, except the allegation that the club was incorporated, denies on information and belief that the debt or claim set forth in either cause of action was contracted while he (James) was a trustee, and alleges that the provision of the act mentioned is unconstitutional.

Plaintiff demurred to all the defenses in Carr and Hoyt's answer except that contained in paragraph " first." He demurred to only that portion of, or defense in, said James' answer which alleges the unconstitutionality of the law.

The learned judge sustained the demurrer, and went one step further in holding that the first defense in Carr and Hoyt's answer which was not demurred to was bad. As no question was raised as to its sufficiency we do not think that it should have been disposed of. The reasons assigned by the judge in his opinion are clear and satisfactory and require no elaboration at our hands.

The only serious question presented relates to the sufficiency of the complaint, which question could be raised and was available to the defendants upon the demurrer, it having been repeatedly held that, though the defenses to a complaint be bad, a demurrer thereto will not be sustained if the complaint itself is insufficient.

The complaint itself is silent as to whether the notes sued upon were the original indebtedness or merely evidence of an existing indebtedness; and it thus remains to be determined whether, as the result of such silence, a presumption arises either way as to the notes being given for an indebtedness created at the time they were given, or for an indebtedness created prior to the giving of such notes. If the latter presumption is to be indulged in, then, as there is no allegation that the defendants were trustees when the original debt was contracted, but were merely trustees when the notes were subsequently given for the debt, they would not, under the authority of *Parrott* v. *Colby* (6 Hun, 55; affd., 71 N. Y. 597); *Hardiman* v. *Sage* (124 id. 25) be liable. The liability of such trustees is predicated upon the creation of the indebtedness. In that case it was held that " the acceptance of a note did not merge or extinguish the original indebtedness, but only operated to extend the time of payment, and that as the plaintiff had not brought an action against

the corporation within one year from the time the original debt became due, the defendant was not liable; that the liability of a stockholder in such cases cannot be renewed or extended by any renewal or extension of the indebtedness which the creditor may make with the corporation." (6 Hun, 55, *supra.*)

Although that action was one to hold the defendant liable as a stockholder of a corporation created under the act of 1848, relating to the formation of corporations for manufacturing, mining, mechanical and chemical purposes, the principles applicable to the liability under that act and under the Club Act of 1875 are similar.

We are referred to the case of *Lake* v. *Tysen* (6 N. Y. 463) as authority for the position that where nothing is alleged but the making and delivery of the note, then the presumption to be indulged in is that it was given for an existing or past indebtedness. It is true that in the course of the opinion this language occurs: "The referee held, among other things, that the giving of the note by the appellant to the respondent was presumptive evidence that all prior claims between the parties were settled. * * *. The giving of a promissory note is *prima facie* evidence of an accounting and settlement of all demands between the parties, and that the maker was indebted to the payee upon such settlement to the amount of the note." This language, however, is to be considered in connection with the question before the court, which was whether, where two persons have each claims against the other, and one finally gives a note, the giving thereof is presumptive evidence of a settlement of the accounts. Where such a question is presented it is undoubted law, as held in that case, that the giving of such note is *prima facie* evidence of settlement of demands between the parties, and that all prior claims between them were settled. It does not, however, go to the extent of holding, nor is it authority for the position, that in an action upon a promissory note it is to be presumed that such note was given for a past or existing indebtedness.

We think it is unnecessary to indulge in any presumption, because the complaint must be construed according to the language used, and, under the rule which requires that every inference will be indulged in to support rather than to overthrow a pleading, we should hold, as the language used itself would import, that either

the debt accrued at the time of the giving of the notes, or that for value received the club promised, according to the tenor of the note, to pay at its maturity, which would result in no debt being created until the note became due. We think, therefore, that the learned judge was right in holding that where, upon the face of a complaint, it does not appear that a promissory note was given for a past or existing indebtedness, no presumption to that effect will be indulged in for the purpose of destroying the sufficiency of the pleading, but that it is a matter to be pleaded, if the facts warrant it, as a defense.

We think the defendants are equally in error in contending that their liability is predicated upon the judgment and not upon the notes or the debts of which such notes are the evidence, and that, therefore, it was sufficient to allege, as was here done, that the defendants were trustees when the notes were given, and an allegation that they were trustees when the judgment was obtained was unnecessary.

Our conclusion, therefore, is that the judge was right in sustaining the demurrer to the various defenses set up in the answer of the defendants, but that there was no reason for his adjudging that the first paragraph of the answer of defendants Carr and Hoyt was demurrable, a demurrer thereto not having been interposed, and that question not being before the court. In this respect the judgment should be modified, but in all other respects affirmed, without costs to either party upon this appeal, and with leave to the defendants to amend their answers upon compliance with the conditions imposed by the interlocutory judgment.

FOLLETT and PARKER, JJ., concurred.

Judgment modified as directed in opinion and affirmed as modified, without costs to either party.