(10 Misc. Rep. 118.)

STRAUS et al. v. SAGE et al.

(Common Pleas of New York City and County, General Term. November 5, 1894.)

CORPORATIONS—ACTION AGAINST TRUSTEES FOR CORPORATE DEBTS—PLEADING.
Under Laws 1875, c. 267, § 8, which makes trustees liable for corporate debts which are payable one year from the time they were contracted, the complaint need not allege when the debt evidenced by the note sued on was contracted, as it will be presumed that the debt was contracted when the note was given. 25 N. Y. Supp. 93, reversed.

Appeal from special term.

Action by Lazarus Straus and others against Warren Sage and others to charge defendants, as trustees of the Manhattan Athletic Club, with corporate debts. From an interlocutory judgment entered on an order sustaining a demurrer to the complaint interposed by defendant Sage, plaintiffs appeal. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Daniel G. Thompson, for appellants.
Theron G. Strong, for respondent.

BISCHOFF, J. The action is brought upon the promissory note of the Manhattan Athletic Club,—a corporation organized under chapter 267 of the Laws of 1875,—dated October 10, 1892, and payable to the order of the plaintiffs four months after date, to enforce the liability of the defendant (respondent) as a trustee of the club, under the following provisions of the act above mentioned, to wit:

"Sec. 8. The trustees, directors or managers of any society or corporation organized under the provisions of this act, shall be jointly or severally liable for all the debts due from said society, or corporation, contracted while they are trustees; provided said debts are payable one year from the time they shall have been contracted; and provided a suit for the collection of the same shall be brought within one year after the debt shall become due and payable."

The action was commenced within one year from the date of the note, but the complaint does not specifically state when the debt for which the note was given was contracted, and because of the omission the defendant (respondent) demurred thereto, for insufficiency. At special term the demurrer was sustained. 25 N. Y. Supp. 93. On behalf of the defendant (respondent) it is contended that the note is but evidence of a debt, and that because of the omission to state when the debt was contracted, or that the debt was contracted within the year immediately preceding the commencement of the action, the complaint is defective, it not appearing therefrom that the debt is one for which the trustee is made liable. We accede to the proposition that the note is evidence merely of a debt, but in the absence of an allegation from which it will appear that the debt, of which the note is evidence, was contracted at a time anterior to the note, it must be assumed that the debt was contracted simultaneously with the giving of the note. No presumption is allowable that the note was given for an antecedent debt. In this aspect of the complaint the facts predicatory to a sufficient cause of action are apparent. It remains for the defendant (respondent), if he intends to avail himself of the defense, to interpose the objections that the action was not brought within one year after the debt was due and payable, or that the debt was not payable one year from the time it was contracted, by answer. The point was ruled in Metzger v. Carr (Sup.) 29 N. Y. Supp. 410. The judgment of the special term is reversed, and the demurrer overruled. Defendant should have leave to answer upon payment of costs of the demurrer and of this appeal. All concur.