[Sac. No. 1086.    Department Two.—March 8, 1904.]

PHILIP COOK, Executor of Rachel Klenk, Deceased, Appellant, v. CHRISTIAN KLENK et al., Respondents.

LANDLORD AND TENANT—AGENT IN POSSESSION OF LODGING-HOUSE—COLLECTION OF RENTS—TENANCY AT WILL NOT ESTABLISHED.—Where the husband of the deceased owner of a lodging-house remained in possession, by agreement with her executor, for the purpose merely of collecting rents for the executor, without any agreement for the payment of rent by himself, the relation between the parties is that of principal and agent, and not of landlord and tenant, and a tenancy at will is not thereby established; and thirty days' notice to quit is not required before the commencement of an action by the executor to recover possession of the lodging-house from such agent.

APPEAL from a judgment of the Superior Court of Sacramento County.   J. W. Hughes, Judge.

The facts are stated in the opinion.

Isaac Joseph, and Albert M. Johnson, for Appellant.

Hinkson & Elliott, and Devlin & Devlin, for Respondents.

COOPER, C.—This action was brought to recover possession of a certain lodging-house known as the "White House" and the lot upon which it stands, said premises being in the city of Sacramento.

At the close of plaintiff's evidence, the court, on motion of defendant, granted a nonsuit, and judgment was accordingly entered.   Plaintiff prosecutes this appeal from the judgment on a bill of exceptions.

It is alleged, and not denied, that plaintiff's testate was, at the time of her death, the owner, in the possession, and entitled to the possession of the premises described in the complaint.

Defendant is the surviving husband of deceased.   His sole contention is, that after the death of his wife he became, by virtue of a contract or agreement with plaintiff, a tenant at will of the premises, and as such was entitled to thirty days' notice before his tenancy could be terminated.   It is not

claimed that such notice was given. The case, therefore, must turn on the question as to whether or not the defendant, after the death of his wife, became a tenant at will of the premises, or the agent of plaintiff for the purpose of collecting the rents from the lodgers and turning them over to the plaintiff. It must be borne in mind that at the time of the death of deceased there was no such relation as landlord and tenant existing between her and the defendant, or between the defendant and any one. Before and up to the time of her death she was the owner and in possession of the lodging-house. Defendant does not appear to have had any right to the property or to the possession thereof at the time of the death of his wife, but has been in charge of it since her death. The plaintiff testified that immediately after the death of deceased he went with his attorney, Joseph, to the house, and that the following took place: "We spoke to defendant about the place, and defendant said he guessed he would have to take his things and get out, and we told him that it was not necessary for him to do that; that if he would pay me the rent he could go right along with the house—which he did from that time on until some time in March. . . . He was to collect the rent from the lodgers and turn it over to me. That is the way I understood it right along; he did so too. . . . That is the only arrangement I ever made with him that I was to collect the rents, he was to remain there."

Joseph testified: "The defendant said he supposed he would have to take his clothes and get out, and after talking with Mr. Cook about it we said he could stay there and go ahead and collect the rents from the lodgers and turn them over to Mr. Cook, who was willing that Klenk should remain there under those circumstances."

We do not think the above evidence sufficient to show that the relation of landlord and tenant was created between plaintiff and defendant. There was no agreement on the part of defendant to pay rent. He was to remain on the premises and turn over the rents that he might collect from persons lodging in the house. The amount to be paid was the amount so collected. No time was specified. No previous lease had existed. The plaintiff was not executor at the time of the conversation. He had no power to rent the premises without an order of court. It was simply an arrangement by which

the defendant was given charge of the property for the time being as agent of plaintiff. He was to collect the rent from the lodgers and turn it over to the plaintiff. The holding was not exclusive and independent of and in no way connected with the service of collecting rent for plaintiff. In fact, the condition and terms upon which the defendant was to remain were, that the rent collected was to be paid to plaintiff. It was to be collected from other parties, and when so collected was the property of the estate. The mere possession of property does not necessarily imply that the relation of landlord and tenant exists. The servant when given the possession of a cottage in which to live while in the employ of the master is not necessarily a tenant. If this were so, servants and agents would have novel and embarrassing powers in regard to property placed in their charge. The relation of landlord and tenant is created by contract express or implied. The evidence here does not show that any such contract was made, or that any facts exist from which it can be inferred. To allow defendant to remain in possession under an arrangement by which he was to collect the rents from third parties and turn them over to plaintiff, after he has refused to turn over such rents, on the theory that he is a tenant, would be to allow him to reap an undue advantage from the acts of kindness shown him by plaintiff. He would be a tenant for the purpose of holding possession, but not for the purpose of collecting or paying rents.

The above conclusions are supported by the authorities. (*Mitchell* v. *Davis*, 20 Cal. 45; *Todhunter* v. *Armstrong*, (Cal.) 53 Pac. 446; *Doyle* v. *Gibbs*, 6 Lans. 183; *Haywood* v. *Miller*, 3 Hill, 90; *Kerrains* v. *People*, 60 N. Y. 224;[1] *Chatard* v. *O'Donovan*, 80 Ind. 20;[2] 1 Woods on Landlord and Tenant, p. 11.)

It follows that the judgment should be reversed.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed.

McFarland, J., Lorigan, J., Henshaw, J.

[1] 19 Am. Rep. 158.          [2] 41 Am. Rep. 782.