ROBERT BATES, Plaintiff, *v.* PARK A. DAVIS, Defendant.

(County Court, Orleans County, January, 1908.)

New trial — Grounds — Misconduct of parties, counsel or witnesses.
Master and servant — The relation — Grounds for discharge.
Landlord and tenant — Creation and existence of relation — Lease or license.

Where, upon a new trial in County Court, the judge charged the jury that they were to pay no attention to the remarks of plaintiff's counsel in his opening that the plaintiff had a verdict in the court below, that they had nothing to do with any former decision of the case but were to decide it entirely on the evidence presented to them; and defendant's counsel did not request the court to withdraw a juror or to discharge the jury, so that another jury might be impaneled who had not heard this remark, an exception thereto, though duly taken, is not a sufficient ground for a new trial, as, while the remark was improper, the vice thereof was eliminated by the charge.

Where defendant upon hiring plaintiff to work on his farm for one year agreed that plaintiff was to have the use of the house upon the farm during the term, the reservation of the parlor for the specific purpose of storing defendant's furniture does not give him the right to set up a stove in the parlor and use it for the purpose of boarding his other help, even conceding that, so far as the occupation of the house was concerned, the relation between the parties was that of licensor and licensee and not that of landlord and tenant.

Where, in an action to recover damages for an alleged wrongful discharge of plaintiff before the expiration of the year, it appears that before his discharge he had taken down the pipe of the stove set up in the parlor by defendant, who claimed that it was such an interference with his rights as to warrant him in discharging the plaintiff, defendant's motion for a new trial after a judgment for plaintiff which was abundantly sustained by the evidence will be denied.

The jury having, by a verdict for plaintiff, found that he was discharged without sufficient ground, defendant was liable; and it was not error to submit the question of the amount of damages to the jury.

MOTION by defendant for a new trial on the minutes in an action for unlawful discharge of plaintiff from service.

Sherwood & Cooper, for plaintiff.

Ryan & Skinner, for defendant.

SIGNOR, J.   This is a motion for a new trial on the judge's minutes at a trial term of the Orleans County Court.   A verdict was rendered for the plaintiff.   Defendant moves for a new trial on the minutes on all the grounds specified in section 999 of the Code.

Action for damages for unlawful discharge of the plaintiff. Defendant employed the plaintiff, as found by the jury, to work on his farm for one year, and agreed to furnish the house on the premises, reserving one room in which to store furniture.   Plaintiff was discharged before the end of the year, as he claimed, without cause.

The case was originally tried in Justice's Court and resulted in a verdict in favor of the plaintiff, and appeal for a new trial was made to this court.

One of the principal grounds of the motion is that, on the trial in County Court, counsel for the plaintiff, in opening his case to the jury, stated that the case had been tried in the Justice's Court and resulted in a verdict in favor of the plaintiff.   Counsel for the defendant took exception to this remark, but made no request to withdraw a juror or to discharge the jury so that another jury might be impaneled who had not heard this statement.   The court immediately charged the jury that they were to pay no attention to this

remark by counsel for the plaintiff; that they had nothing to do with any former decision of the case, but that they were to decide the case entirely upon the evidence that should be presented to them on this hearing.

This objection it seems to me is settled by the case of Chesebrough v. Conover, 140 N. Y. 382, which seems to be a case as nearly parallel to this as is often found, although in that case counsel went further and did ask to withdraw a juror or discharge the jury. The motion was denied, as in this case, and the Court of Appeals held that the refusal of the court to grant the motion was not a legal error reviewable in that court, and that while the remark was improper the vice was eliminated by the charge. The charge in that case was similar to the one in this, and the court in that case, at the request of defendant's counsel, instructed the jury that they had nothing to do with a former trial. In defendant's brief a large number of cases are cited where verdicts have been set aside on account of improper remarks of counsel; but it is hardly necessary to review them all in this opinion for the reason that they are so clearly distinguishable from the case in question and from the authority above cited. I have carefully examined the cases cited in the brief of defendant's counsel, and find that they are all clearly distinguishable from the case in question. I call attention to a few of the cases and think that they sustain the decision which ·I have reached upon this branch of the case.

In the case of Cole v. Fall Brook Coal Co., 159 N. Y. 59, it is held that the trial court had power to correct and eliminate an error committed by an improper statement of counsel to the jury, such as the statement of the result of a former trial; and such elimination is effected by an explicit charge on the subject, instructing the jury to disregard the improper statement, and explaining fully why it should not be considered.

In the case of Halpern v. Nassau Electric R. Co., 16 App. Div. 90, the court said "We by no means intend to say that every irrelevant or improper comment made by a counsel through inadvertence or excess of zeal would require or justify setting aside a verdict;" but in that case the coun-

sel was persistent even after the court had directed him to postpone further remarks of the kind.

In the case' of Kinne v. International R. Co., 100 App. Div. 5, decided in this department, the counsel for the defendant excepted to a statement that such a verdict should be rendered as would teach the defendant and all similar corporations, or people who employ people, that their affairs, their railroads, their machinery or whatnot, must be run with a view or regard to the safety of human life and limb, and asked the court to instruct the jury that that was not an element of the case which they could consider. The court declined to charge as requested, and the defendant took an exception.

Counsel for defendant claims that the relation which existed under the contract of hiring, so far as the occupation of the house was concerned, was that of licensor and licensee, and not that of landlord and tenant. Conceding that to be so, the only difference would be that the license might be terminated at any time, while a tenancy could only be terminated at the expiration of the lease or by some act which by the terms of the lease, or by a provision of law, might terminate it. In the former case, the licensor on the termination of the license might enter on the premises, and take possession without resorting to legal proceedings, or in some cases he might proceed under the summary proceedings provision of the Code. The distinction between a tenant and licensee is thus stated by McAdam on Landlord and Tenant: "The distinction between a licensee and a tenant consists chiefly in this; the tenant has possession and control which he can maintain against all during the existence of the tenancy, while the licensee gets no interest in the land, and his license is generally revokable at pleasure."

In American and English Encyclopædia of Law (2d ed., vol. 18, p. 170), which is cited by defendant's attorney on this proposition, it is stated that " if the conferring of possession was the object, the instrument is a lease, and the relation of landlord and tenant is created, whereas if no grant of possession was intended a license merely is conferred."

There is no doubt in this case that the intention of the

parties was to confer the possession of the house with the exception of the one room reserved by the plaintiff, and if this rule was to be applied as laid down, the relation of landlord and tenant will exist. However, the court charged in this case that the relation was that of licensor and licensee.

In the case of Haywood v. Miller, 3 Hill, 90, a farmer employed a man to work for him for a year, with the further arrangement that he should work on the farm and his wife should perform the duties of housekeeper. It does not appear from the case whether the employer was to live in the family or not, but it might be inferred that he was from the fact that the wife was to perform the duties of housekeeper. The court said that the contract was not in the nature of a lease — it is assumed by the contract that the defendant should furnish a house — and it does not follow when he becomes dissatisfied and gives his servant warning to depart, and the latter refuses, that the master may not turn the servant away and remove his goods. To be sure the master does this under the peril of paying damages for a breach of the contract with his servant, if he cannot show good grounds for dismissing him; but he is not a trespasser whether he had good cause or not.

Kerrains v. People, 60 N. Y. 221, was a criminal proceeding, and turned on the question whether the owner was a trespasser in trying to remove an occupant so as to justify an assault. In that case the occupant of the property had been discharged from the service of the owner, and had been notified that he must vacate the property, or that the owner would bring sufficient force and put him out of the house; and, when he attempted to remove the occupant from the house, the occupant attacked him with an ax, and for such an assault the indictment was found.

Doyle v. Gibbs, 6 Lans. 180, another case cited in favor of a motion for a new trial, turned on the question whether, under similar circumstances of leasing to those in the case now under consideration, *after the employee was discharged,* and notified that he must surrender the house, the owner had a right to enter in the absence of the licensee and remove the goods, and it was held that he had such right.

36

In Jennings v. McCarthy, 40 N. Y. St. Repr. 678, the question was whether, *after the termination of an agreement to render services,* the owner could regain possession without the service of a notice required in summary proceedings where the relation of landlord and tenant exists, and the question of the relation was left with the jury.

In the case of People v. Annis, 45 Barb. 304, 306, Johnson, J., says: " It may be that the relation of landlord and tenant existed between the parties at the time the proceedings in question were instituted, and I am inclined to the opinion that such was the case. Both parties agree that the relator had then quit the defendant's service, and refused to continue or serve longer under the agreement. Whether the defendant or relator was most in fault is of no consequence. It is enough that the contract was broken, or put an end to, and neither party any longer acted under it. The contract for the service having been determined, and an end put to it in this way, the right of occupancy under it went also and was ended."

It will be noticed in all of these cases that the relation of employer and employee had been terminated; and that having been done, it followed that the right of occupancy had also terminated.

In the case of Presby v. Benjamin, 169 N. Y. 377, the lessor of premises refused to allow the caretaker of the lessee to have access to the premises for the reason that the lease had a provision against subletting or assigning, and all this case holds is that the caretaker was his servant, and that as such his occupancy did not violate the terms of the lease.

I have reviewed each of these cases separately for the reason that counsel for the defendant insists that these cases are decisive of this motion, while from a general review of them it can readily be seen that they are each and every one entirely distinguishable from the case in question.

It is claimed by counsel for the defendant that these cases establish the law to be that, at any time during the continuance of the agreement between the plaintiff and the defendant, defendant had the right, without terminating the contract, to assume the occupancy of part of the premises, or to

go in and out at any time; in fact, that the possession of his employee was the possession of the employer to such an extent that he had the same right to enter and occupy the premises, or a part thereof, that his employee had, without terminating the contract.

There was evidence on which the jury were warranted in finding that the plaintiff was to have the use of the house for one year without any reservation except the parlor, which was reserved for the specific purpose of storing the employer's furniture. Notwithstanding this, before the contract was terminated in any manner, defendant, according to testimony in the case, entered the house in plaintiff's absence, set up a stove in the parlor and prepared to use the room for other purposes than those for which it was reserved. Plaintiff took down the pipe to the stove; and, though this was not specified as a ground for the subsequent discharge of the plaintiff, it is claimed that it was such an interference with the defendant's rights as warranted the discharge.

It is claimed by defendant's attorneys that the reservation of the parlor for a specific purpose gave the right to the owner to use it for any other purpose, and that the reservation to store furniture gave him the right to move into the room, set up a stove, and use it for the purpose of boarding his other help, and the case of Kerley v. Mayer, 10 Misc. Rep. 718 is cited as an authority; but all that that case holds is that an agreement which contained the provision that " it was to be used and occupied only as a strictly first class saloon " did not restrict it to use as a saloon, but only applied to the character of the saloon; and that, where a license could not be obtained, it might be used for any other lawful purpose.

There was a large amount of conflicting evidence in this case; and while doubtless the jury might have found many of the facts claimed by the defendant in his favor, yet there was abundant evidence on which their findings could be in favor of the plaintiff.

It is claimed that there was evidence that the plaintiff did not do a fair day's work, which justified his dismissal, but, on the other hand, there was evidence that he did perform

the usual amount of work, and I think the jury were fully justified in finding that there was no ground warranting the discharge of the plaintiff by the defendant, and that, while the defendant had a right to discharge him and terminate the license, yet, not having any sufficient ground for so doing, as the jury have found by their verdict, he was liable for the damages sustained; nor do I think that there was any error in submitting the question of the amount of damages to the jury.

Upon a review of the whole case, I am of the opinion that the motion for a new trial should be denied.

Motion denied.