JAY SHUFELT, Petitioner, *v.* JOHN BOYLES, Respondent.

(County Court, Columbia County, December, 1914.)

Master and servant — when relation terminated — meaning of words "lawfully terminated" — landlord and tenant — Code Civ. Pro. § 2231(1).

> Where a person becomes the occupant of premises as an incident to his employment for the purpose of enabling him better to perform his services, his right to occupy the premises ceases when the relation of master and servant is terminated, and the master may institute a summary proceeding under section 2231(1) of the Code of Civil Procedure for his removal.
>
> The words "lawfully terminated" in said section simply mean that the right of removal would arise whenever the relation of master and servant or employer and employee should be brought to an end as a matter of law, without reference to the fact that either party may or may not have been justified in thus ending the relation.

SUMMARY proceeding brought to remove the respondent on the ground that he was an occupant of petitioner's premises as a servant, and that the relation of master and servant had lawfully terminated.

J. Donald Bell, for petitioner.

Frederick L. Conklin, for respondent.

McNAMEE, J.   It was apparent from the evidence that the contract between the parties to this proceeding was essentially a contract of service, and that the right of the respondent to occupy the premises in question was an incident to the service. It is equally clear that the service provided for by the terms of the

contract was a service which necessarily covered a period of eight months, and on certain conditions would cover a period of twelve months; it was therefore a contract providing for services to be rendered by the respondent to the petitioner for one year.

Before the expiration of the term of service the respondent was discharged by the petitioner, and the relation of master and servant was effectually terminated. On the trial the respondent adduced evidence that the discharge was without legal cause and unwarranted, and, therefore, his right to occupy the premises is not affected by the discharge. The petitioner failed to establish by a preponderance of evidence that the discharge was justified. The petitioner relies on subdivision 1 of section 2231 of the Code of Civil Procedure, and urges the removal of the respondent because it is established that the relation of master and servant no longer exists, basing his position on that part of the section which provides that a person may be removed when he became the occupant of the premises as a servant, and the relation of master and servant has been " lawfully terminated."

As stated the relation of master and servant was effectually terminated, and the petitioner failed to establish that the termination was justified. The question is then squarely presented, what was the legislative intent in using the expression " lawfully terminated," and whether a person so occupying premises can be removed when he has been wrongfully discharged during the term of service. The subdivision provides for the removal of an occupant " where the person to be removed became the occupant of the premises as a servant or employee and the relation of master and servant or employer and employee has been *lawfully terminated.*"

If the word " lawfully " is used in its ethical sense,

implying a discharge that is justified in law, the petition should be dismissed, because it has not been shown that the discharge was for legal cause; but if the word "lawfully" was intended simply to characterize the termination of the employment as one which is legally sufficient to sever the relation of master and servant, without regard to the merits of the discharge, the petition cannot be dismissed, because it is held that the relation of master and servant was severed by the discharge.

It has long been the law of this state that when a servant became the occupant of premises as an incident to his employment, for the purpose of enabling him to perform better his services, his right to occupy the premises ceased when the relation of master and servant was terminated, and the master had a right to exclude him from further occupancy; and the parties were left to test in an action the legality of the discharge and the right to damages. *People* v. *Kerrins,* 60 N. Y. 221; *Haywood* v. *Miller,* 3 Hill, 90; *Bristow* v. *Burr,* 120 N. Y. 427, 431; *Bates* v. *Davis,* 57 Misc. Rep. 557; *Ballou* v. *Gorman,* 62 id. 513.

Following the well known rule of construction, it is not only possible but easy to read the provision quoted from section 2231 as a statement of the common law rule, as expressed in the cases cited, rather than as a rule in derogation of the common law; and it is apparent that this rule has been incorporated into section 2231 for the purpose of applying the remedy which our summary proceedings law furnishes and in the manner therein prescribed. I conclude therefore that the legislature, when it used the expression "lawfully terminated" in this statute, intended simply that the right to removal should arise in this class of cases whenever the relation of master and servant or employer and employee should be brought to an end as

a matter of law, without reference to the fact that either party may or may not have been justified in thus ending the relation.

A final order may be entered awarding to the petitioner the delivery of the possession of the property in question, with costs.

Ordered accordingly.