## SUPREME COURT.

John F. Butterworth, receiver, etc. agt. James O'Brien.

The *right of action* to claims for *dividends* improperly declared by an insolvent banking corporation is in the *creditors* and not in the receiver.

Where the complaint by the receiver averred that the defendant (former president of the bank) used *fictitious notes* in lieu of money of the bank, which he fraudulently used and disposed of, and that such notes were among the assets of the bank, *Held*, that these facts, if proven, would be sufficient to put the defendant on his defence, and showed a cause of action in favor of the receiver.

Under the late decisions in the court of appeals, courts of original jurisdiction are not to *pay any attention to forms*, if they can find in the complaint any allegations which, under any view of them, may give the plaintiff a right to recover. (*Ergo, books of forms must be considered as calculated to mislead and confuse.*)

This action is brought by the receiver of the Island City Bank against the defendant, who was president and director, to recover from him certain moneys for wrongful acts charged against him.

The defendant answered to the complaint, denying all the allegations made against him.

The case was referred and the referee has dismissed the complaint as insufficient and containing no cause of action.

Butterworth agt. O'Brien.

By the court, INGRAHAM, J. The referee was clearly right as to all the causes stated in the complaint, excepting that contained in the fourth clause of the complaint.

The claim for dividends improperly declared belongs to creditors and not to the receiver. The right of action is in them, and the receiver cannot collect such moneys for the benefit of stockholders. Nor was it a cause of action, that such dividends were paid to persons who were indebted to the bank.

The allegation that the defendant parted with notes of the bank as security for loans made to him in the name of the bank, without an averment that anything was due to the bank, or that the loans had not been paid, showed no cause of action against the defendant.

In the fourth clause of the complaint it is averred that the defendant used fictitious notes in lieu of money of the bank, which was fraudulently used and disposed of by the defendant; that such notes were among the assets of the bank, and amounted to $27,000.

Under the ruling of the referee we must consider these allegations to be admitted, and then we have the following as facts:

That the defendant put in the bank two notes signed by a fictitious drawer; that the notes were used by the defendant in lieu of so much money of the bank; that the money was fraudulently disposed of by the defendant, and that the notes are now among the assets of the bank. It appears to me that these facts, if proven, would be sufficient to put the defendant on his defence. The possession of the notes by the receiver is presumptive that the moneys have not been repaid. If paid, the onus is on the defendant to show it. If the notes were the defendant's, there would be no doubt of sufficient facts to make out the plaintiff's case. If the notes were fictitious, quite as good a cause of action exists against him. The claim is

also one which would belong to the receiver, and may be collected by him.

The complaint as to this claim, as well as to the others, is very loosely and informally drawn, and may subject the plaintiff to a motion to have it made more specific; but, under the present system, is not so bad as to be demurrable, so far as relates to this clause.

In fact, under the late decisions in the court of appeals, we are not to pay any attention to forms if we can find in the complaint any allegations which, under any view of them, may give the plaintiff a right to recover.

I think the referee erred in this respect, and that the judgment should be reversed and a new trial ordered, costs to abide the event.

CLERKE, J., concurred.

SUTHERLAND, P. J. I dissent; I think the judgment below should be affirmed.

It does not belong to the plaintiff or receiver to correct or prosecute for the frauds and illegal acts complained of in the complaint.

The other grounds stated in the opinion of the referee appear to me also to justify the dismissal of the complaint.