ROSBORO *vs.* PECK.

Although the plaintiff's complaint, in an action to recover back money paid by mistake, alleges a demand, and a refusal to pay back the money, and the defendant's answer admits the refusal to pay, proof of a promise by the defendant, afterwards, does not present such a variance between the cause of action alleged and the evidence, as will preclude a recovery.

A release discharging a party from " all claims and demands on account of our late copartnership," &c. is not a bar to an action by the releasor, against the releasee, to recover back a sum of money alleged to have been paid by mistake, on a sale by the latter to the former, of his interest in a copartnership.

Parol evidence of prior oral negotiations tending to establish the fact that an erroneous amount was inserted in a bill of sale and in a release is admissible, for the purpose of proving that the consideration for a sale of property was wrongly stated in the bill of sale, and release at $4650, instead of $4250. And this although the plaintiff has not, in his complaint, formally asked for a reformation of the contract.

Rosboro *v.* Peck.

The pleadings can be amended, in such a case, so as to render the testimony entirely admissible. The court is authorized to amend the complaint to conform it to the proof, and all the facts having been elicited, they will be regarded as if the amendment had actually been made.

ON the 18th of April, 1863, the plaintiff and defendant were partners in conducting the Merchants' Hotel, in Albany, when, some difficulty occurring between them, the plaintiff, by a verbal agreement, purchased the defendant's interest therein for $4000, paying him $500 down. It was soon afterwards claimed by the defendant that there was a misunderstanding; that he was to have *all* the partnership bank account, $900, or $922, and the money in the house, in addition to the $4000. The defendant had overdrawn his portion of the bank account, $845, leaving $422.50 due from him to the plaintiff. This was finally arranged by the plaintiff consenting to take $200 for the $422.50, so that, by the arrangement finally made, the plaintiff was to pay the defendant the $4000, allow him half the bank account ($922) at $450, and the defendant was to deduct from this aggregate $200 of the $422.50 he owed the plaintiff for half the amount he had overdrawn the bank account. This last arrangement was actually made a day or two after the 18th of April. The defendant then gave the plaintiff a bill of sale of the property he was to transfer to him, and the plaintiff gave the defendant a release " from all claims and demands *on account of our late partnership.*" For some reason, probably to give the plaintiff the proceeds of the house, these papers were dated back to April 18, the day of the first agreement. By mistake in the figuring, the $200 instead of being subtracted from, was added to the $4450, making the amount to be paid $4650, instead of $4250. Through that mistake, the bill of sale stated the consideration at $4650.

At the time of the delivery of the bill of sale and release, the plaintiff paid the defendant $4650, after deducting the $500 he had paid at the first negotiation. The plaintiff started to go down stairs, but, discovering the mistake, re-

turned, made it known to the defendant, and requested him to deliver the paper on which the figuring was done, and rectify the mistake. He declined to give up the paper— did not deny the mistake, but promised to rectify it. The case was referred, and the referee reported in favor of the plaintiff for the amount claimed, and interest. The points made appear in the opinion. Judgment was entered on the report, and the defendant appealed to the general term.

*W. Wait,* for the appellant.

*H. Smith,* for the respondent.

*By the Court,* MILLER, J. The plaintiff in this action claimed to recover of the defendant upon the ground that he had by mistake paid the appellant the sum of four hundred dollars more than he had agreed to pay him.

Although the plaintiff's complaint alleges a demand and a refusal to pay back the money, and the defendant's answer admits the refusal to pay, yet, I think, that proof of a promise by the defendant, afterwards, did not present such a variance between the cause of action alleged and the evidence as precluded a recovery.

The proof of the promise was given without objection, and tended to establish the mistake upon which the action was founded, which was the main feature of the plaintiff's case. It was an admission of the party, that such mistake existed, and in that point of view was important evidence in making out the plaintiff's case. It did not change the cause of action, nor show any essential variance between the complaint and the evidence.

The release which was introduced in evidence upon the trial was not, I think, a bar to the plaintiff's right of action. The release discharges the defendant " from all claims and demands on account of our late partnership, upon the basis of the books as he has delivered them to me of said hotel, and

Rosboro *v.* Peck.

in lieu of claims of any liability of said Peck to the copartnership." This clearly qualifies and restricts the release to the copartnership claims, and does not affect the claim of the defendant arising out of the mistake alleged. That was not a partnership, but an individual claim orginating in a settlement made between the parties. But even if the release was effectual to bar the plaintiff's right of recovery under ordinary circumstances, it cannot, I think, be conclusive if the plaintiff has succeeded in establishing a mistake in the settlement of their copartnership affairs by legal and proper evidence.

It is claimed that such a case has not been made out ; that the written bill of sale and the release are conclusive evidence of the contract of sale, and that the referee erred in admitting parol evidence of prior oral negotiations tending to establish the fact that an erroneous account was inserted in the bill of sale and in the release. The object of this evidence was to prove that the consideration was wrongly inserted at $4650, instead of $4250. I am inclined to think that this evidence was admissible, for the purpose for which it was offered. It is true, that the complaint did not ask to reform the instrument, in so many words ; but it alleged that the account was erroneously added to the account which the plaintiff was to pay, and it was substantially within the object for which the action was brought, to prove the error which it was alleged existed. The proof showed a mistake in the insertion of a wrong amount, in the bill of sale and the release, and that was the real point in the case. Parol evidence is admissible to show a mistake in fact and to rectify it. (*Graves* v. *Harwood,* 9 *Barb.* 477. *Cook* v. *Eaton,* 16 *id.* 439.) It is also admissible to explain the consideration clause in a written agreement. (1 *Greenl. Ev.* § 285. *McCrea* v. *Purmort,* 16 *Wend.* 460. *Adams* v. *Hull,* 2 *Denio,* 306.) It cannot, however, affect the validity of, or alter or contradict, the legal and common sense construction of the instrument. (16 *Wend.* 473.) In the case at bar, the amount inserted is a mere recital that money has been paid, in the bill of sale

Rosboro *v.* Peck.

and release, without any covenant or promise in regard to it, and I am not entirely satisfied that the evidence was not admissible to explain this statement, which is ordinarily open to explanation.

There can be no doubt, I think, that the evidence would have been entirely competent if the complaint had asked for a reformation of the contract. This was not formally done; but I am inclined to the opinion that this relief was consistent with the complaint and the case made out and embraced in the issue. (6 *Code*, § 275.) The principle is well settled that relief can be granted consistent with the facts stated, although not specifically demanded, without regard to the old distinction between law and equity. (*See Denman* v. *Prince*, 40 *Barb.* 213, *and authorities there cited. Butterworth* v. *O'Brien*, 24 *How. Pr.* 438. *Thomas* v. *Murray*, 32 *N. Y. Rep.* 611.)

If the plaintiff was entitled to relief declaring the contract reformed, and it was embraced within the issue, under the liberal rules laid down in the authorities cited, the testimony showing the error was properly admitted.

The pleadings could have been amended so as to render the testimony entirely admissible, (*Code*, § 173,) and the court was authorized to amend the complaint to conform it to the proof; and all the facts having been elicited, it will be regarded as if the amendment had actually been made. (*Bedford* v. *Terhune*, 27 *How. Pr.* 422, 444 *and* 450. *Thompson* v. *Kessel*, 30 *N. Y. Rep.* 383.)

I discover no error in the finding of the referee upon the question of fact submitted to him.

The judgment upon the referee's report must be affirmed, with costs.