(5 Misc. Rep. 255.)

### STRAUS et al. v. SAGE et al.

(Common Pleas of New York City and County, Special Term. October, 1893.)

CORPORATIONS—ACTION AGAINST TRUSTEES FOR CORPORATE DEBTS—PLEADING.
    Under Laws 1875, c. 267, § 8, which makes trustees of corporations organized under it liable for corporate debts, "provided said debts are payable one year from the time they shall have been contracted," the complaint in an action against a trustee on a note of the corporation must allege when the debt for which the note was given was contracted, as it will not be presumed that the debt was contracted when the note was given.

Action by Lazarus Straus and others against Warren Sage and others to charge defendants, as trustees, with corporate debts. Defendant Sage demurs to the complaint. Sustained.

Taylor, Thompson & Kaufman, for plaintiffs.
Strong, Harmon & Mathewson, for defendant Sage.

GIEGERICH, J.    The statute under which the demurrant herein is sought to be charged provides, as requisites to his liability, that the debt of the corporation should have been contracted while he was acting in the capacity of a director, should be payable within one year from the time when it was contracted, and should be sued upon within one year after it became due.    Laws 1875, c. 267, § 8.    To maintain an action upon a statute, every fact necessary to bring the case under the statute must be pleaded, (Austin v. Goodrich, 49 N. Y. 266; Abb. Tr. Brief Pl. § 342, p. 279;) and, unless it can be held that the debt in suit was contracted when the promissory note upon which the action is brought was given, it is clear that the existence of the last, only, of the three requisites above mentioned has been stated in the complaint.    It is held that the statutory liability of a stockholder cannot be extended by any renewal or extension of the indebtedness which the creditor may make with the corporation. Parrott v. Colby, 6 Hun, 55; affirmed on opinion, 71 N. Y. 597.    In the case last above cited, it was sought to charge a stockholder upon the note of the corporation given for an indebtedness, the time in which he might have been held liable upon the indebtedness itself having elapsed, and Davis, P. J., in delivering the opinion of the court, says:

"It is a well-settled general rule that a promissory note given for an existing indebtedness is merely evidence of that debt, and is not the debt itself; and it is extremely well settled in this state that the taking of a debtor's note does not merge or extinguish the demand for which it is taken."

The giving of the note was not the making of a debt, but only a promise to pay the old one, and an extension of time for payment.    Parrott v. Colby, supra; Iron Co. v. Walker, 76 N. Y. 521; Bank v. Phelps, 86 N. Y. 491; Parrott v. Sawyer, 87 N. Y. 622; Hardman v. Sage, 124 N. Y. 35, 26 N. E. Rep. 354.    In discussing the question of the giving of a new note as raising a new consideration for a new debt, in Iron Co. v. Walker, supra, the court say:

"The giving up of one promise to pay, on taking another from the same party, is but a continuation of the promise, and the giving of further time to perform it."

If the note in suit had been given in satisfaction of a third party's indebtedness to plaintiffs, a different conclusion would result; but such presumption, in the absence of any necessary averments in the complaint, cannot be indulged in.    The analogy between the statutory liability under consideration and that imposed upon stockholders, as in Parrott v. Colby, is recognized in Rogers v. Decker, 131 N. Y. 490, 30 N. E. Rep. 571.    The question

as to what presumption in favor of the complaint may be indulged in for the purpose of connecting the time when the note was given with the date of contracting the debt does not, I think, arise upon this demurrer. The action is upon the note. Should this complaint be held good, proof as to the nature of the indebtedness and the time when it was contracted would not be required upon the trial for the purpose of charging this demurrant, and therefore the plaintiffs' burden of proving the existence of the statutory requirements would be removed, and this defendant held to the hardship of disproving what should be pleaded and proven by the party seeking to establish a liability under the statute. A cause of action is not to be presumed. Bartlett v. Crozier, 17 Johns. 457. Since the complaint does not state the time at which the indebtedness, for which the note was given, was contracted, it follows that the fact of demurrant's being a director at such time is not apparent, nor does it appear that the prescribed limitation of time within which the debt should become due had not expired. The demurrer should therefore be sustained, with leave to plaintiffs to amend within 20 days upon payment of costs.