(10 Misc. Rep. 683.)

BUCKLEY v. HARRISON et al.

(Common Pleas of New York City and County, General Term. January 7, 1895.)

1. AUXILIARY RECEIVERS—POWERS—RIGHT TO SUE.
    An auxiliary receiver of a foreign corporation is a mere common-law receiver, having only the powers which the order appointing him confers, and therefore cannot sue to set aside a transfer by the corporation as in fraud of its creditors, unless such power is given by the order.

2. SAME—DISAFFIRMING FRAUDULENT TRANSFER.
    A complaint alleged that plaintiff was appointed receiver of a foreign corporation by a court of general jurisdiction in its domicile, with power to sue for property belonging to it, and that in an action in

New York against the same corporation he was also appointed receiver, "with the usual powers and duties of receivers in like cases, according to law and the practice of this court." *Held*, that such allegations showed that plaintiff was only a temporary receiver in New York, and therefore without authority to sue therein to set aside a transfer of the property made by the corporation.

3. SAME—TITLE TO CORPORATE PROPERTY.
    Laws 1858, c. 314, §§ 1, 2, as amended by Laws 1889, c. 487, which provides that "any receiver * * * or other trustee of an estate or property and effects of an insolvent corporation * * * may for the benefit of creditors or others interested in the estate or property" disaffirm fraudulent transfers, does not apply to an auxiliary receiver of a foreign corporation, as he is a mere custodian of the property, and not a trustee.

4. SAME—SETTING ASIDE TRANSFER—RETURN OF EXECUTION.
    A receiver of a corporation, as representing the creditors, cannot sue to set aside a fraudulent transfer made by the corporation, where execution against it has not been returned unsatisfied, unless he is expressly authorized to do so.

5. PLEADING—ADMISSION BY DEMURRER—CONCLUSIONS.
    A demurrer admits only the facts alleged, and does not admit allegations of conclusions contained in the pleading demurred to.

Appeal from special term.

Action by Charles G. Buckley against John F. Harrison and others. From an interlocutory judgment overruling a demurrer to the complaint, defendants appeal. Reversed.

Argued before DALY, C. J., and BOOKSTAVER and BISCHOFF, JJ.

John A. Straley, for appellants.
Andrew J. Shipman, for respondent.

BOOKSTAVER, J. Plaintiff brought this action, as receiver of the assets within the state of New York of a New Jersey corporation, to set aside as fraudulent the transfer of assets described in the complaint, and to recover of defendants the value of the property so transferred, together with the profits thereon. The first question raised upon this appeal is as to the authority of the plaintiff to maintain this action as receiver. The allegations material to establish such authority are contained in the second clause of the complaint, which reads as follows:

"That on or about the 13th day of September, 1892, in an action pending in the court of chancery for the state of New Jersey, said court being a court of general and unlimited jurisdiction, wherein one Jane Fottrell was complainant and said company was defendant (that is, the Fottrell Patent Hygienic Concrete and Imperishable Asphalt Company), the chancellor of said court and state, on a bill of complaint duly filed herein, duly made an order enjoining and restraining said company, its officers, agents, and servants, from contracting any debts, and also from collecting or receiving any money owing to said company; and also from paying out any money, or selling, assigning, or transferring any of its property, estate, or effects of any kind. That thereafter such proceedings were had in said action that on or about the 26th day of September, 1892, it appearing to the satisfaction of the said chancellor and said court that said company was insolvent, this plaintiff was, by an order entered therein, duly appointed receiver of said company and of its assets and property, with full power to demand, sue for, collect, and receive and take into his possession all the goods and chattels, rights and credits, moneys and effects, lands and tenements, books, papers, choses in ac-

tion, bills, notes, and property of any and every description belonging to said company, and to do and perform all the duties imposed upon him and required by law, as by reference to said bill of complaint and order in said action will more fully appear. That thereafter, and on or about the 29th day of September, 1892, in an action pending in the supreme court of New York, wherein said Jane Fottrell was plaintiff and said company was defendant, an order was duly made enjoining and restraining said company [as in the order before recited]. That thereafter such proceedings were had in said last-mentioned action that on or about the 3d day of October, 1892, it appearing to the satisfaction of said court that sufficient grounds existed for the appointment of a receiver of the property of said company within this state, an order was duly entered therein appointing this plaintiff receiver of said company and of its stock, property, franchises, patents, contracts, assets, claims, demands, things in action, books, records, and effects of every kind and nature, with the usual powers and duties of receivers in like cases according to law and the practice of this court. That thereupon this plaintiff duly qualified as such receiver, and entered upon the performance of his duties as such, and has ever since continued in the performance thereof."

We think it immaterial to inquire whether or not the plaintiff was, by order of the court of chancery in the state of New Jersey, appointed a statutory receiver of the corporation in the action pending in that state. The real question to be determined is, what are the powers of the receiver appointed by the court in the action pending in this state? It is clear that the receiver so appointed was an auxiliary receiver, and clothed only with the powers of such a receiver. In general, an auxiliary receiver is merely the custodian of the property within the state wherein he is appointed, for the purpose of preserving the assets belonging to the party or corporation proceeded against within the state, in order that creditors may reach them without being compelled to go to a foreign jurisdiction to prove their claims. Therefore, as a general rule, the person so appointed is a mere common-law receiver to protect the property, and has only the powers conferred by the order appointing him. Woerishoffer v. Construction Co., 6 Civ. Proc. R. 113; Mann v. Pentz, 3 N. Y. 415; Decker v. Gardner, 124 N. Y. 334, 26 N. E. 814; People v. St. Nicholas Bank, 76 Hun, 522, 28 N. Y. Supp. 114; In re Van Allen, 37 Barb. 225; Bangs v. Duckinfield, 18 N. Y. 592; Weekes v. Cornwall, 19 Abb. N. C. 365 (see particularly the note to this last case); Keeney v. Insurance Co., 71 N. Y. 401; section 1788, Code Civ. Proc.; Forker v. Brown (Com. Pl. N. Y.) 30 N. Y. Supp. 827. In Woerishoffer v. Construction Co., supra, an attachment had been granted against certain property of the defendant company after the appointment of a receiver in New Jersey. Thereupon an application was made to the supreme court for the appointment of an auxiliary receiver in this state, which was granted, with an injunction restraining the bringing of suits to interfere with the assets. In the course of the opinion the court said:

"The intervention of the courts of this state is merely to preserve the property of the corporation within this state for the equal distribution among the creditors of the corporation; such receiver being * * * bound to account in this state for all property within this state at the time of his appointment; the appointment of such auxiliary receiver being to preserve the assets of the corporation for distribution among its creditors equally, and not for the purpose of allowing such assets to be removed by the receiver to a foreign juris-

diction, and compelling the creditors within this state to go to a foreign jurisdiction to prove their claims against assets which they might have reached by action in this state but for the appointment of the receiver."

We think the powers of such a receiver are closely analogous to a temporary receiver in an ordinary judgment creditors' bill. The question whether a receiver appointed in such an action to sequestrate the property of a corporation after judgment and execution unsatisfied, under 2 Rev. St. p. 463, § 36 (incorporated in the Code of Civil Procedure, §§ 1784–1789), has the powers, etc., of a receiver on voluntary dissolution, was decided in the negative in Mann v. Pentz, supra, which remains unreversed as far as we, after diligent inquiry, can ascertain. It is true that the amendment to section 1788 of the Code in 1882 provides that. a permanent receiver appointed in such an action should have the powers, etc., of one appointed on voluntary dissolution; but that section expressly makes a temporary receiver in all respects subject to the control of the court. That section, as amended, also provides that a receiver so appointed before final judgment is a temporary receiver until final judgment is entered, and defines his powers as follows:

"A temporary receiver has power to collect and receive the debts, demands and other property of the corporation; to preserve the property and the proceeds of the debts and demands collected; to sell or otherwise dispose of the property as directed by the court; to collect, receive and preserve the proceeds thereof, and to maintain any action or special proceeding for either of those purposes. * * * Unless additional powers are specially conferred upon him, as prescribed in the next section, a temporary receiver has only the powers specified in this section and those which are incidental to the exercise thereof."

Section 1789 provides that a temporary receiver, appointed as therein prescribed, is in all respects subject to the control of the court, and that the court may, by order or interlocutory judgment appointing him, or by order subsequently made in the action, or by final judgment, confer upon him the powers and authority of a permanent receiver. In a note to Weekes v. Cornwall, supra, Dr. Abbott says, in reference to receivers of foreign corporations:

"The receivership in these cases is either ancillary to the receivership appointed in the foreign jurisdiction, or it rests on the general principle that equity may appoint a receiver of property having no legal custodian within the jurisdiction, for the sake of its preservation for those to whom it belongs (Woerishoffer v. Construction Co., 6 Civ. Proc. R. 116), or upon the provisions of the Code of Civil Procedure (article 5)"

—And asserts that "in either case the receiver seems to be a common-law receiver." And it is well settled that such receivers have no powers except such as are conferred upon them by the order for their appointment, and the course and practice of the court. 20 Am. & Eng. Enc. Law, 111, and cases cited. In Herring v. Railroad Co., 105 N. Y. 342, 12 N. E. 763, it was held that a temporary receiver in an action to dissolve a corporation, prior to the Code, was not vested with the title to the property of the corporation, but that such title, until final judgment of dissolution and the appointment of a final receiver, remained in the corporation, and that the temporary

receiver was a mere custodian and manager of the property, under the direction of the court, during the pendency of the action. So in Railroad Co. v. Humphreys, 12 Sup. Ct. 787, it was held that a receiver appointed by a court of equity has not, without assignment or statutory investiture, any title to the assets, but is merely a custodian for the benefit of whoever is ultimately found to be entitled to the property. We think the allegations of the complaint before quoted in relation to the appointment of the auxiliary receiver in this state clearly show that the plaintiff was but a temporary receiver, for it expressly says that he shall have the "usual powers and duties of receivers in like cases according to law and the practice of this court." And, as we have before shown, such receivers are not vested with the title of property of the corporation, nor are they thereby made trustees of creditors. They are mere custodians and managers of the property, under the direction of the court, during the pendency of the action. It would therefore seem to follow that the complaint is fearfully defective, in that it does not show that the receiver was appointed by judgment, or that the powers of a permanent receiver had been conferred by order upon him. Nor is it anywhere alleged that he had been specifically authorized by order of the court to commence this action. Even in an order much broader than this, where the receiver was "ordered to collect immediately all said property together, and hold the same subject to the further order of the court," it was held that such direction did not confer authority to bring an action. Screven v. Clark, 48 Ga. 41.

The respondent relies with great confidence upon Attorney General v. Guardian Mut. Life Ins. Co., 77 N. Y. 272; but we think that case does not in any way conflict with the views here expressed, as it is clear from the case reported that the receiver was a permanent receiver, appointed in dissolution proceedings, where, of course, he was vested with all the property, assets, and effects of the corporation, including the title thereto. In that case the court throughout the opinion clearly refers to permanent, and not temporary, receivers. A permanent receiver may disaffirm and maintain an action as receiver to set aside legal or fraudulent transfers of the property or corporation by virtue of the statute in such case made and provided, but a temporary receiver cannot do so unless there be a statute which will enable him to maintain such action, or the power to do so is specifically conferred by order. Nor does Whittlesey v. Delancy, 73 N. Y. 571, aid respondent's contention, for in that case the authority of the receiver to bring the action was not questioned, and, while it does not distinctly appear that the plaintiff was the permanent receiver, yet we think the entire reasoning of the case assumes that he was. Nor can it be successfully contended that sections 1, 2, c. 314, Laws 1858, as amended by chapter 487 of Laws 1889, authorize the commencement of this action. This statute says that "any * * * receiver * * * or other trustee of an estate or property and effects of an insolvent corporation * * * may for the benefit of creditors or others interested in the estate or property * * * so held in trust" disaffirm "fraudulent transfers." A mere custodian is not a trustee, but is an officer of the court. The legal

title is not in him, even as trustee; and the appointment of a temporary receiver does not prevent the corporation from performing corporate functions, and disposing of corporate property. The same sections say, in respect to the persons in whose behalf the fraudulent transfer may be disaffirmed, that it may be done "for the benefit of creditors  *  *  *  of the estate or property so held in trust," showing the intention to be that the right should be vested only in permanent receivers, and not in temporary or common-law receivers. Section 1789 of the Code provides that the court may give the receiver such power, but it must be by order or decree. Section 2, c. 314, supra, provides that the persons receiving the property shall be liable in a proper action to executors, receivers, or other trustees of such estate. In Decker v. Gardner, 124 N. Y. 334, 26 N. E. 814, after declaring the right to appoint a receiver upon the dissolution of the corporation to be purely statutory, it was said:

"But the power of appointing a receiver pendente lite is incidental to the jurisdiction of a court of equity, and such an officer is a mere temporary officer of the court, and does not possess the powers of a permanent receiver, nor any legal powers except such as are specifically conferred upon him by order of the court."

But if it be admitted that the allegations of the complaint are broad enough to show plaintiff's capacity to sue as receiver, the complaint would still, in our judgment, be fatally defective. A receiver of an insolvent corporation represents for different purposes three distinct interests; the one as trustee of a corporation, another for the benefit of stockholders, and the third for the benefit of creditors. For certain purposes he may and can represent one only. Curtis v. Levitt, 15 N. Y. 45; Osgood v. Laytin, 48 Barb. 465; Butterworth v. O'Brien, 24 How. Pr. 438; Osgood v. Ogden, 3 Abb. Dec. 425; Attorney General v. Guardian Mut. Life Ins. Co., 77 N. Y. 275; Porter v. Williams, 9 N. Y. 142. In general, he can bring no action which the parties or estate he represents could not maintain. Coope v. Bowles, 42 Barb. 88; Graff v. Bonnett, 31 N. Y. 9. But in seeking to set aside a transfer made by the corporation he acts, not for the corporation, but adversely to its interests, and consequently not for the stockholders. In such a case he does not act solely for the benefit of all the creditors, hence it follows that he can bring no action which the creditors cannot bring, unless the statute gives him larger powers. In Attorney General v. Guardian Mut. Life Ins. Co., supra, the court, in speaking of the right of a receiver to sue, says:

"The receiver, as the representative of all the creditors, was the proper person to prosecute the action to recover the assets of the Guardian Company, and he commenced the action for that purpose, with the sanction, as it must be presumed, of the court which appointed him."

In Osgood v. Ogden, supra, which was a case of a receiver of an insolvent corporation, appointed by final decree, the referee to whom it was referred was of the opinion that, though the receiver represented both the creditors and the corporation, he was peculiarly the trustee of the creditor (citing Haxton v. Bishop, 3 Wend. 13); and, as the acts for which the receiver sought to recover were both mala prohibita and constructive frauds upon the creditors, the reparation sought

was in the right of the creditors and not in that of the company or the stockholders.    The court of appeals says, in reference to this reasoning:

"I think the conclusion of the referee is right, and substantially upon the ground indicated. ⁎ ⁎ ⁎ In this suit, as to the parties and the subject-matter of it, they represent the creditors of the insolvent corporation, and not the corporation itself. It is clear and is well established by the authorities that receivers have, so to speak, a double character; and while in some respects, and as respects certain interests, they represent solely the corporation in whose legal shoes they stand, as to others they represent the creditors alone."

So in Porter v. Williams, 9 N. Y. 142, it was held that a receiver in supplementary proceedings represented the creditors as well as the debtor; that he stands, in this respect, in the same position as the receiver of an insolvent corporation, or as an executor or administrator.    In Butterworth v. O'Brien, supra, in a case where dividends had been improperly declared, the supreme court held that the claim belonged to the creditors, and not to the receiver, and that the receiver could not collect such moneys for the benefit of stockholders. In Curtis v. Levitt, 15 N. Y. 45, it is said:

"It has, however, been uniformly assumed, and was not denied on the argument, that he [the receiver] succeeds to the rights of creditors, and takes his title under them, where conveyances have been made in fraud of their rights, but otherwise valid. In such case he holds adversely to the debtor corporation."

It is fundamental that a creditor cannot attack a transfer of property as fraudulent until he has recovered judgment and issued execution (Adsit v. Butler, 87 N. Y. 585; Geery v. Geery, 63 N. Y. 252; Sturges v. Vanderbilt, 73 N. Y. 384); and if the creditors could not, without a judgment, and execution returned unsatisfied, this receiver, who stands in their shoes, cannot, unless some statute dispenses with the necessity of judgment and execution, plaintiff having neither alleged that there were judgments entered or executions issued and returned unsatisfied.    Nor are such cases as Southard v. Benner, 72 N. Y. 424, and Geery v. Geery, supra, in conflict with this view of the law; for, as above shown, chapter 314, Laws 1858, which dispenses with the necessity of judgment and execution, does not apply to any receivers except those who are trustees, or have the legal title to the property.    And it has been directly held that such statute does not apply to a receiver pendente lite, or temporary receiver (Ogden v. Arnoux, 29 Hun, 146), or even to receivers appointed in supplementary proceedings (Pettibone v. Drakeford, 37 Hun, 628).    See, also, Fincke v. Funke, 25 Hun, 616; Keeney v. Insurance Co., supra; Foster v. Townshend, 68 N. Y. 206.    Plaintiff, therefore, as representing creditors, could not maintain this action in any event without showing judgment with execution issued and returned unsatisfied; nor can the allegation of insolvency of the company cure this defect; Briggs v. Oliver, 68 N. Y. 336.    Even an allegation that the debtor was insolvent, and had conveyed its property fraudulently, would not authorize a resort to equity until the remedy at law is exhausted; Adee v. Bigler, 81 N. Y. 349.    A judgment creditor, after the return of execution unsatisfied against the corporation, might maintain his creditor's bill, but not before.    Hastings v. Drew, 76 N. Y. 9.    Plain-

tiff, as receiver, without express authority, could have no larger rights than the creditors, and, having failed to make the essential allegation of a creditor's bill, his complaint must fall.

The confusion in this case has arisen from not distinguishing between statutory and common-law receivers, and from not fully considering the respective powers of each. A bare inspection of the complaint shows that in neither New Jersey nor New York is the plaintiff a permanent receiver, as defined by section 1788 of the Code; and, so far as his powers are concerned, it is not alleged that the powers of a permanent receiver were ever conferred upon him by order of the court. If appointed under the general equity powers of the court as above shown, the plaintiff could be a temporary receiver only, with powers limited by the order appointing him; and from this order it does not appear that he had power or authority to sue.

The charges that the tenders of resignations, acceptances thereof, and so forth, were pretenses, are not admitted by the demurrer. The allegations referred to were nothing more than charges that the various acts were void, and which charges would be mere conclusions, of which the court of appeals has said: It is also alleged in general terms that the judgment was void in the state of Illinois. These are statements of law, and not of facts; and the sufficiency of a pleading is to be determined by facts stated, and not by the conclusions of law averred, and the facts only are deemed to be admitted by demurrer. Kinnier v. Kinnier, 45 N. Y. 535; Bonnell v. Griswold, 68 N. Y. 294; Buffalo Catholic Inst. v. Bitter, 87 N. Y. 250; Bogardus v. Insurance Co., 101 N. Y. 328, 4 N. E. 522. Hence the allegations of the complaint relating to resignations, acceptances, and so forth, stand admitted as facts, while the pretenses under which such acts were done, being mere conclusions, are not admitted. Therefore Harrison and Gandy were not officers or directors at the time of the transfer to them. It remains, therefore, to determine whether, under the statutes of New York or New Jersey, these defendants are liable under the complaint as framed. The material allegations remaining would be that these defendants are stockholders, and had been directors and stockholders; that the board of directors, through the connivance of these defendants, fraudulently, without consideration, transferred the assets described to them; that at that time the company had creditors and stockholders within this state; that the transfer was made in contemplation of insolvency, and rendered the company insolvent. But it does not appear by the complaint that the stockholders and creditors did not consent to the transfer; nor does it appear that any request had been made to the receiver to bring the action, or that, at the time the action was brought, the creditors had not been paid, or that there were then any creditors of the corporation, or that there were any judgment creditors with docketed judgments or executions returned unsatisfied at the time the suit was. brought. Under the New York Code as to corporations it is provided in section 1812:

"The last three sections apply to an action against a corporation * * * created by or under the laws of * * * another state * * * or a trustee, director or other officer thereof. * * *"

Section 1810 provides:

"A receiver of the property of a corporation can be appointed only by the court, and in one of the following cases: 1. Compelling the defendants to account for their official conduct in the management and disposition of the funds and property committed to their charge. 2. Compelling them to pay to the corporation which they represent or to its creditors, any money, and the value of any property which they have acquired to themselves or transferred to others or lost or wasted by violation of their duties." Section 1781, Code Civ. Proc.

Sections 1784–1796 of the Code, which relate entirely to judgment creditors' actions, cannot apply, there being no allegation that there were judgment creditors or general creditors at the time the action was brought, or that the attorney general was requested to sue, etc. That remedy is confined to the attorney general.    See note to section 1786, Throop's Code.    We have before shown that chapter 314, Laws 1858, does not apply, and it follows that plaintiff's reliance must be on section 1781 of the Code.    The prayer for relief in this action follows the relief afforded in that section; that is, that the assignment be set aside, and defendants account for the value of the property.    The other sections allow sequestration of the property, and judgment of dissolution, the latter of which could not be had in the case of a foreign corporation.    The nature of the relief demanded may properly be considered by the court on demurrer.    Swart v. Boughton, 35 Hun, 281.    Section 1782, providing by whom such actions may be brought, does not include receivers.    Under section 1781 the complaint is defective, because it does not allege authority to bring the action, or that defendants are trustees, directors, managers, or other officers of the corporation.    The New Jersey statute is penal in its nature, and must be strictly construed, as similar ones are in this state.    Van Dyck v. McQuade, 86 N. Y. 46; People v. Barker (N. Y. App.) 36 N. E. 196.    Besides, that statute, as alleged, applies only to directors, which these defendants were not, as before shown.    The complaint is for a fraudulent transfer of specific property, not "capital stock" or "dividends."    The words "money" or "amounts," as used in paragraph 13 of the complaint, indicate the meaning of the words "dividend" and "capital stock" as in the statute, but there is no charge of a division of money or amounts in the complaint.    The liability of stockholders is only for the receipt of "money," which is not alleged.    Nor has plaintiff complied with the rule that to recover under a statute every fact must be pleaded to bring the complaint within it.    Straus v. Sage, 5 Misc. Rep. 255, 25 N. Y. Supp. 93.    We think, therefore, that the interlocutory judgment should be vacated and set aside, and an interlocutory judgment ordered for the appellants, but with leave to plaintiff to amend the complaint within 20 days upon the payment of the interlocutory costs and the costs of this appeal.    All concur.