(13 Misc. Rep. 136.)

### DIBBLEE v. METCALF et al.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

CORPORATIONS—ACTION AGAINST OFFICERS—PLEADING.

 The complaint in an action to charge the officers of a corporation with diverting its assets stated that defendants were the trustees, and had the management and control, of the corporation from the time of its organization until the appointment of a receiver thereof, about the month of March, 1881. The summons was dated July 11, 1881, but the complaint was not verified, and there was no allegation that the occurrences stated in the complaint took place before March, 1881. *Held,* that the complaint did not show that the act complained of did not occur after defendants ceased to be officers of the corporation.

Appeal from equity term.

Action by John W. Dibblee, a creditor of the Metropolitan Board of Retail Trade, in behalf of himself and others against Horace Metcalf and others. From a judgment entered on an order dismissing the complaint, plaintiff appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and GIEGERICH, JJ.

Isaac N. Miller, for appellant.

Edward B. Thomas, for respondents.

BISCHOFF, J. In this action, recovery was sought against the defendants for loss sustained by plaintiff on account of the alleged fraudulent diversion of assets of a certain corporation by the former, when acting in the capacity of its officers. At the trial the complaint was dismissed without any proof having been adduced, the learned trial judge basing the ruling upon the allegations of the first paragraph of the pleading, which reads as follows:

"(1) That the defendants, and each of them, were the trustees who had the management and control of the corporation known as the Metropolitan Board of Retail Trade from the time of its organization until the appointment of a receiver thereof, about the month of March, 1881."

The trial court held that, inasmuch as the appointment of a receiver appeared from the complaint, such receiver should be the party plaintiff, the right to redress the alleged wrong passing to him by virtue of his appointment.

It is not alleged that the receiver mentioned was appointed as a permanent receiver of the corporation, and hence his right to bring this action for the purpose of redressing the wrong in question was not made to appear from the pleadings. Forker v. Brown, 10 Misc. Rep. 165, 30 N. Y. Supp. 827; Buckley v. Harrison, 10 Misc. Rep. 683, 31 N. Y. Supp. 999. And, moreover, there may well be a question as to whether this objection did not relate to the plaintiff's capacity to sue, rather than to the sufficiency of the complaint, and thus was waived by the failure of defendants to raise it by demurrer or answer. Bank v. Donnell, 40 N. Y. 413; Hathaway v. Insurance Co. (Sup.) 11 N. Y. Supp. 413; Code Civ. Proc. §§ 487, 498, 499. But, as stated by the learned trial judge, the pleading is clearly insufficient upon other grounds.

The complaint does not appear to have been verified, hence we are unable to say that it spoke from a date earlier than the date of the summons, July 11, 1881. As above stated, these defendants are alleged to have been the trustees who had the management and control of the corporation until "about the month of March, 1881," and there is no allegation that the occurrences set forth took place prior to that time. For all that appears, the acts complained of, to wit, the confession of judgment "in favor of one of the officers thereof," in furtherance of a "fraudulent scheme gotten up by the officers and agents of said corporation," might well have occurred after the date when the defendants ceased to have any connection with the corporation as "officers and agents"; and, but for the statement that at one time they did have the "management and control," there is nothing to connect them with the acts in question. The other allegations in the complaint as to the occurrences which are the subject of the action do not justify any inference that the confession of judgment referred to took place prior to the month of March, 1881, since the interval noted afforded ample time for the levy and sale under execution, the allegation of which fact alone has bearing upon the probable date of the transaction. While, under the Code, pleadings are to be liberally construed as to form (Code, § 519), the common-law rule of strict construction as to matters of substance still obtains (Moores v. Lehman, 52 N. Y. Super. Ct. 283; Clark v. Dillon, 97 N. Y. 370), and it must be held that the facts here set forth fail to disclose a cause of action against these defendants. Nor is the defect in the complaint supplied by the allegations in the answer. The only allegation in regard to a judgment against the corporation is that:

"This defendant is informed that Herbert A. Lee, one of the officers of the said Metropolitan Board of Retail Trade, did enter judgment against the said corporation, and that the same was entered upon an acceptance given at the meeting of the trustees of the board at which this defendant attended. But, upon information and belief, this defendant alleges that said judgment was for an honest debt; that this defendant has no knowledge or information sufficient to form a belief as to whether it was entered at the time and in the manner set forth in the complaint."

Certainly, this does not constitute an admission that the particular judgment which forms the basis of plaintiff's action was entered during the period of defendants' administration as officers. There follows a denial that Lee's judgment "was a fraudulent scheme gotten up by the officers and agents of the corporation," but a denial of a fact admitted from the complaint does not supply the omission. Forker v. Brown, supra.

Upon some further grounds, it would appear that this complaint must be held insufficient, but the foregoing reasons, as stated, render a longer discussion unnecessary. Judgment affirmed, with costs. All concur.