(27 Civ. Proc. R. 33;  21 Misc. Rep. 747.)

## WALTER v. F. E. McALISTER CO. et al.

(Supreme Court, Special Term, New York County.    November, 1897.)

1. FOREIGN CORPORATIONS—ACTION BY NONRESIDENTS—JURISDICTION.
    Under Code Civ. Proc. § 1780, subd. 3, providing that an action against a foreign corporation may be maintained by a nonresident where the cause of action arose within the state, the courts of New York may entertain an action brought by a nonresident against a foreign corporation for the appointment of a receiver of its property in the state, and to set aside an assignment by it for creditors executed in the state to a resident. ·

2. SAME—ACTION BY STOCKHOLDER—DEMAND FOR REDRESS.
    Where a receiver of a foreign corporation has been appointed in the state of its domicile, and its corporate functions have thus been suspended, a stockholder suing for the appointment of a receiver of its property in New York, and to set aside a fraudulent assignment thereof, need not first make a demand for redress on the corporate authorities.

3. SAME.
    A stockholder suing for the appointment of a receiver of a corporation need not first make a demand for redress on the corporate authorities, since his right to sue is not by substitution or as the representative of the corporation.

4. SAME.
    Where the property of a corporation is fraudulently assigned, a stockholder suing to set the assignment aside need not first make a demand for redress on corporate authorities if the latter are implicated in the fraud.

5. SAME—COMPLIANCE WITH STATE LAWS.
    A stockholder is not precluded from suing for the appointment of a receiver of property of a foreign corporation because the latter has failed to procure the certificate of the secretary of state that it has complied with all the requirements of law to authorize it to do business in New York, prescribed by Laws 1892, c. 687, § 15.

6. SAME—RECEIVERS—GROUNDS FOR APPOINTMENT.
    Where it appears that defendant is a foreign corporation; that it had an office and did business in New York; that it is insolvent, and made an assignment, with preferences, for creditors, in New York to a resident; that it has officers, creditors, and property in New York; that a receiver has been appointed in the jurisdiction of its origin, and its officers have been restrained from interfering with its affairs and effects,—an action lies at the instance of a stockholder for the appointment of a receiver of the corporate assets in New York.

7. SAME.
    Such action is also authorized by Code Civ. Proc. §§ 1810, 1812, providing that a receiver of the property of a corporation may be appointed in an action brought by a stockholder to preserve the assets of a corporation having no officers empowered to hold the same, and granting such relief in a case where the corporation, though organized under the laws of another state, has an agency and does business in New York. ·

8. SAME—EFFECT OF NONRESIDENCE.

    The fact that, a stockholder who sues for the appointment of a receiver for a foreign corporation is a nonresident does not bar the action, since the receiver in New York is not the representative of foreign creditors, and will not be permitted to take the property from the state until claims of domestic creditors are satisfied.

9. SAME—ESTOPPEL TO DENY TITLE.

    The fact that plaintiff in such an action is a citizen of the same state as the foreign corporation, and that the receiver there was appointed on her application, does not bar her from suing, where the relief sought is merely an auxiliary receiver.

10. ASSIGNMENTS FOR CREDITORS—VALIDITY—COURTS.

    When an assignment by a foreign corporation is repugnant to the policy of New York, it will receive no countenance from the courts of that state.

11. CORPORATIONS—ASSIGNMENTS—RIGHTS OF STOCKHOLDERS.

    A stockholder who sues for the appointment of a receiver of a corporation, and to set aside a fraudulent assignment of its property, cannot assail the assignment, since the receiver appointed in such suit will be invested with the title to all the assets of the corporation, and he alone will have the right to sue for and collect them.

12. SAME.

    If a suit to set aside a fraudulent transfer of its property by a corporation may be maintained by a stockholder, it is in the interest of creditors, and must proceed upon a judgment and an unsatisfied execution.

13. COSTS—PARTIAL SUCCESS.

    Where, in a suit for the appointment of a receiver of a corporation, and to set aside a fraudulent assignment, plaintiff prevailed upon the first and defendant upon the second cause of action, neither is entitled to costs.

Action by Effie B. Walter against the F. E. McAlister Company and others. Judgment for plaintiff.

Wahle & Stone, for plaintiff.

Thornton, Earle & Kiendl, for defendants.

PRYOR, J. The plaintiff, a nonresident stockholder in a foreign corporation, sues for the appointment of a receiver of its property in this state, and to set aside an assignment by it for the benefit of creditors.

At the threshold it is objected that the court is incompetent to entertain the action, because brought by a nonresident against a foreign corporation. But since the property to be protected is exposed to the peril in this jurisdiction, and the challenged assignment was executed in the state to a resident, the case is clearly within the scope of subdivision 3, § 1780, Code Civ. Proc.

It is urged, again, that no demand for redress on the corporate authorities preceded the action, to which the obvious and all-sufficient answer is that "the functions of a corporation are suspended by the appointment of a receiver," and that its faculty of suing then no longer exists. Beach, Rec. § 205. In respect, moreover, to the relief by sequestration, the right of the plaintiff is not by substitution nor as representative of the corporation; and, as to the assignment, the corporate officers are the parties implicated. Barr v. Railroad Co., 96 N. Y. 444, 451; Kelsey v. Sargent, 40 Hun, 150.

Another objection to a discussion of the merits imports that the plaintiff is precluded from prosecuting the action, because the de-

fendant corporation has not procured the certificate prescribed by section 15, c. 687, Laws 1892. But, as already said, the plaintiff does not sue in the right or as the representative of the corporation, nor in aid of the business conducted here without authority, nor for the enforcement of a contract made in the state.

Upon the pleadings and proofs it is apparent that the defendants' company is a New Jersey corporation; that it had an office and transacted business in the state of New York; that it is insolvent; that, in this state and to a resident, it has made an assignment, with preferences, for the benefit of its creditors; that it has officers and creditors and property in this state; that a receiver of its property has been appointed in the jurisdiction of its origin, and its officers restrained from intermeddling with its affairs and effects. That upon these facts an action lies, at the suit of a stockholder, for the appointment of a receiver of the corporate assets in the state, was expressly adjudged by Van Brunt, J., at special term, in Woerishoffer v. Construction Co., 6 Civ. Proc. R. 113, and was recognized as clear law by the general term of the Fourth department in Machine Co. v. Construction Co., Id. 106. The principle upon which the relief proceeds is vindicated in Redmond v. Hoge, 3 Hun, 171, Hall v. House Co., 12 Misc. Rep. 55, 33 N. Y. Supp. 50, and Dreyfuss v. Charles Seale & Co., 18 Misc. Rep. 551, 41 N. Y. Supp. 875. Indeed, the action has the sanction of statutory provisions (Code Civ. Proc. §§ 1810, 1812). Nor is the nonresidence of the plaintiff any bar to its prosecution; since the receiver here is not the representative of the foreign creditors of the corporation (Booth v. Clark, 17 How. 322), and will not be permitted to remove the property from the state until the claims of domestic creditors are satisfied (Beach, Rec. § 254). As the plaintiff is a citizen of New Jersey, and the receiver there was appointed on her application, she will not be heard to contest his title even as to property in this state. Bagby v. Railroad Co., 86 Pa. St. 291. But, so far from impugning his right, the relief she solicits is for an auxiliary receiver.

The criticism of the complaint for defect in the prayer for judgment is unavailing. Bank v. Wetmore, 124 N. Y. 241, 253, 26 N. E. 548; Dreyfuss v. Charles Seale & Co., 18 Misc. Rep. 551, 41 N. Y. Supp. 875.

The assignment by the corporation for the benefit of creditors, being contrary to the law both of the domicile and the forum, is necessarily invalid, and, for repugnancy to the policy of this state, will receive no countenance from its courts. Hollis v. Theological Seminary, 95 N. Y. 166, 175; Bard v. Poole, 12 N. Y. 495; Vanderpoel v. Gorman, 140 N. Y. 563, 567, 35 N. E. 932; Milnor v. Railroad Co., 53 N. Y. 363, 367.

I am of the opinion, however, that it is not for a stockholder to impeach the assignment. The order appointing the temporary receiver not being before me, I am ignorant of his powers; but, upon application to the court, he might have been armed with authority to assail the assignment. At all events, when, by the judgment herein, a permanent receiver shall be appointed, he will be invested with the title-

to all the assets of the corporation, and the right to sue for and collect them; and then he alone will be competent to challenge conveyances by the corporation.    Passavant v. Bowdoin (Sup.) 15 N. Y. Supp. 8, 10; Attorney General v. Insurance Co., 77 N. Y. 272; Osgood v. Laytin, 3 Abb. Dec. 418; Beach, Rec. § 205.    If, however, under the circumstances disclosed in the case, a suit to set aside a fraudulent transfer by a corporation may be maintained by the plaintiff, it is in the interest of creditors, and so must proceed upon a judgment and an unsatisfied execution.    Buckley v. Harrison (Com. Pl.) 31 N. Y. Supp. 999, 1005; Sturges v. Vanderbilt, 73 N. Y. 384.    A receiver, on the contrary, is relieved from compliance with such condition.    3 Banks' Rev. St. (9th Ed.) p. 2166; Southard v. Benner, 72 N. Y. 424.

Judgment for plaintiff in conformity with opinion, but without costs, since the defendants prevail upon one cause of action.    Crippen v. Heermance, 9 Paige, 211.