(68 Misc. Rep. 474.)

STRAUSS et al. v. CASEY MACHINE & SUPPLY CO. et al.

(Supreme Court, Special Term, New York County. July 18, 1910.)

1. CORPORATIONS (§ 687*)—FOREIGN CORPORATIONS—ANCILLARY RECEIVERSHIP —SURCHARGE OF ACCOUNTS—"PERMANENT RECEIVER."

General Corporation Law, art. 11 (Consol. Laws, c. 23), defines the powers, duties, and liabilities of receivers of corporations. Section 230 provides that, unless otherwise provided, the provisions of the article apply only to permanent receivers appointed under sections 106 and 191 of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the chapter. Section 106 provides that a receiver appointed by or pursuant to a final judgment or a temporary receiver who is continued by a final judgment is a permanent receiver. Section 191 provides that upon an application for a final order, if it appears to the court in the case specified in section 170 that the corporation is insolvent, the court must make a final order dissolving the corporation and appointing one or more receivers of its property with all the powers, duties, and liabilities of receivers under article 11 of this chapter. Section 170 provides that if a majority of the directors, trustees, or other officers having the management of a domestic corporation discover that the stock, effects, and other property are insufficient to pay all just demands on it, etc., they may petition the Supreme Court for a final order dissolving the corporation. *Held*, that the provisions of article 11 are intended to regulate the conduct of receiverships of domestic corporations, and not of corporations of·other states, and though a receiver of a foreign corporation, who was appointed ancillary receiver of the assets in this state, might have sought the instructions of the Supreme Court in the course of his administration, his accounts will not be surcharged for failure to do so where, except for such omission, his conduct has been prudent and proper.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2669, 2670; Dec. Dig. § 687.*]

2. RECEIVERS (§ 203*)—FINDINGS OF REFEREE—CONCLUSIVENESS.

Findings of the referee that a receiver was not negligent in failing to collect from stockholders the amounts due upon unpaid subscriptions to the capital stock of the defendant corporation, which were warranted by the evidence, will not be disturbed on motion to confirm the referee's reports and to discharge the receiver.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 404–406; Dec. Dig. § 203.*]

3. CORPORATIONS (§ 687*)—FOREIGN CORPORATIONS—ANCILLARY RECEIVERSHIP —SURCHARGE OF ACCOUNTS.

Where the receiver of a foreign corporation, who was appointed ancillary receiver of the assets in this state, accounted here, as he did in the other state, for all the assets coming into his hands in both jurisdictions, and which the referee in effect found were all the assets that could with reasonable diligence be collected, and for all his expenditures from the whole fund, that he did obtain an order of the Supreme Court authorizing him as ancillary receiver to turn over the funds collected under his appointment by it to himself as receiver under his appointment of the court of the foreign state will not result in a surcharge of his accounts, if he shows that he has in fact disbursed the moneys properly and without prejudice to citizens of this state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2669; Dec. Dig. § 687.*]

4. CORPORATIONS (§ 687*)—FOREIGN CORPORATIONS—ANCILLARY RECEIVERSHIP —DECREE OF FOREIGN COURT.

Where the receiver of a foreign corporation, who was appointed ancillary receiver of the assets in this state, accounted in the foreign state, the order of that court approving his account would protect him here.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2669; Dec. Dig. § 687.*]

Action by Simon Strauss and others against the Casey Machine & Supply Company and others. Heard on motion to confirm Referee's reports and to discharge receiver. Motion granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Pierre M. Brown, for receiver and motion.

Edward R. O'Malley, Atty. Gen. (Robert P. Beyer, Deputy Atty. Gen., of counsel), opposed.

George P. Breckenridge, for creditors, opposed.

Jeremiah Casey, for defendant corporation, opposed.

GIEGERICH, J. The defendant corporation was adjudged insolvent by the Court of Chancery of New Jersey on December 15, 1890, and a receiver was appointed. Thereafter and on the 20th day of December, 1890, the same person was appointed by this court as ancillary receiver of the assets in this state. The receiver took possession of certain assets in New Jersey and of certain other assets in this state. He later sold the assets in this state upon the strength of an order of the New Jersey court and without application to this court. He thereafter accounted in New Jersey for the assets which came into his hands in both jurisdictions, and his accounts were passed, and he was discharged. Upon the application of certain of the stockholders, he was thereafter ordered to account to this court, and the matter was referred to a referee, before whom the accounting was had, and who reported in favor of the receiver's discharge. I heretofore sent the report back to the referee to take further evidence upon the alleged loss of books and vouchers, and his supplemental report on that point has now come in. He finds that these books and vouchers, with some unimportant exceptions, were destroyed by fire while in the office of John Garrick, Master in Chancery in New Jersey, and I am satisfied with his conclusion on that point.

It is urged by the Attorney General, in opposition to the motion to confirm the report of the referee, that the receiver has failed to comply with most of the provisions of article 2 of the general corporation law (Consol. Laws, c. 23), regulating the duties of receivers of corporations; that he has disbursed the assets coming into his hands under his appointment by this court without the authorization of the court; that such disbursements were not justified in fact; and that his accounts should be largely surcharged. The provisions of article 2 of the general corporation law, however, are intended to regulate the conduct of receiverships of our own corporations, and not of the corporations of other states (sections 230, 106, 191, 100, 170), and, although the receiver might perhaps with greater propriety have sought the instructions of this court in the course of his administration, his accounts will not be surcharged for failure to do so where, except for such omission, his conduct has been prudent and proper.

It is claimed on behalf of the objecting creditors that the receiver is chargeable with neglect in failing to collect from stockholders the amounts due upon unpaid subscriptions to the capital stock of the defendant corporation; but the referee has expressly found to the contrary, and his finding in this respect is warranted by the evidence.

Considering the accounts, upon their merits, I think the conclusion of the referee that they should be passed and the receiver discharged is justified. The receiver has accounted here, as he did in New Jersey, for all the assets coming into his hands in both jurisdictions, and

which the referee in effect finds were all the assets that could with reasonable diligence be collected, and for all his expenditures from the whole fund. The fact that he did not obtain an order of this court authorizing him as ancillary receiver to turn over the funds which came into his hands under his appointment by this court to himself as receiver under the appointment of the New Jersey court cannot be permitted to result in a surcharge of his accounts, if he shows that he has in fact disbursed the moneys properly and without prejudice to citizens of our own state. This, I think, sufficiently appears. As the court said in People v. Granite State Provident Ass'n, 161 N. Y. 492, 495, 55 N. E. 1053, 1054:

"The general assets of a corporation are to be administered and distributed at the home of the corporation; but in order to accomplish that result ancillary trustees or assignees must frequently be appointed in other jurisdictions, subject to the control and direction of the local courts. All creditors of a corporation, wherever residing, are entitled in case of insolvency to have the general assets distributed among them upon principles of perfect equality. The courts of one state have no right to favor domestic creditors in the distribution, but it must be made upon the principle that equality is equity. Blake v. McClurg, 172 U. S. 239 [19 Sup. Ct. 165, 43 L. Ed. 432]."

In the case just quoted from, the court directed the ancillary receiver appointed in this state to turn over the funds received by him to the assignee in New Hampshire upon the latter giving a bond conditioned that domestic creditors and shareholders should be entitled to the same dividend as other creditors and shareholders throughout the country, without any deduction on account of a special fund deposited in the state for their benefit. In approving such course, the court, among other things, said (page 496 of 161 N. Y., page 1054 of 55 N. E.):

"We think that the court below, in directing the transmission of the fund to another jurisdiction, had the power to impose such conditions as are just and reasonable with a view to the protection of domestic creditors, and that was the only purpose for which the bond or undertaking was required."

The order of the Court of Chancery of New Jersey approving the account of the receiver protects him here.

In the recent case of People v. Republic Sav. & Loan Ass'n, 119 App. Div. 502, 104 N. Y. Supp. 1136, the order appealed from allowed inquiry as to the acts and transactions of the receivers and their attorneys in ancillary jurisdictions in so far as relates to the nature, kind, and value of the services rendered and performed, the value thereof, and the amounts received. In affirming the order, the court said:

"We should not disturb the order. If the receivers have heretofore accounted in other jurisdictions, the order would not preclude the receivers from reading decrees therein settling such accounts, which, if valid, would protect them herein and would halt any investigation in transactions validated by such decrees."

The motion to confirm the referee's reports and to discharge the receiver is therefore granted.