GEORGE S. VAN SCHAICK, Superintendent of Insurance of the State of New York, as Conservator of the Property and Assets in the State of New York of the INTERNATIONAL REINSURANCE CORPORATION, DOVER, DELAWARE, Plaintiff, *v.* JARCHO BROS., INC., Defendant.

City Court of New York, New York County, December 30, 1934.

*Alfred C. Bennett* [*Irwin Waldman* of counsel], for the plaintiff.

*Cohen & Jarcho* [*Sidney Jarcho* of counsel], for the defendant.

KAHN, J.   This is an action by the Superintendent of Insurance, as conservator of the property of the International Reinsurance Corporation, Dover, Del., to recover premiums alleged to be due on five insurance policies. The Superintendent was appointed by the Supreme Court on April 21, 1933, in accordance with the provisions of sections 405 and 406 of the Insurance Law (Laws of 1932, chap. 191, § 1).

Section 406 provides: "An order to conserve the assets of a foreign insurer shall direct the superintendent * * * forthwith to take possession of the property of such insurer and to conserve the same, subject to the further direction of the court. The rights and duties of the superintendent with reference to such insurer and its assets, shall be those heretofore exercised by and imposed upon ancillary receivers of foreign corporations in this state."

The order of appointment authorized the Superintendent "to take possession and conserve the assets of the International Reinsurance Corporation, Dover, Delaware, in the State of New York, and to retain such possession and conserve such property and assets until further order of this court."

The present action was begun under the authority of this order without further leave of court. Defendant moves to dismiss the complaint on the ground that the conservator is without power to maintain the action in the absence of direct authorization of the court.

The powers and obligations of ancillary receivers are not defined by statute. The General Corporation Law provides for two types of receivers, permanent and temporary. A temporary receiver may "collect and receive the debts, demands and other property of the corporation; to hold and preserve the property, and the proceeds of the debts and demands collected; to sell or otherwise dispose of the property as directed by the court; and to maintain any necessary action or special proceeding. The court may also confer upon him the powers and authority, and subject him to the duties and liabilities, of a permanent receiver, or so much thereof as it deems proper; except that he shall make no distribution among the creditors without the special direction of the court" (§ 162).

Broader powers are conferred upon permanent receivers (§§ 168, 169). As an ancillary receiver concededly does not enjoy the status of a permanent receiver, the question for decision is whether he is clothed with the power of a temporary receiver under the statute. A temporary receiver is not required to obtain the permission of the court before bringing suit to collect a debt.

Defendant cites many decisions which advert to the circumscribed authority and function of an ancillary receiver: *Decker* v. *Gardner* (124 N. Y. 334); *Morgan* v. *Bucki* (30 Misc. 245); *Garden* v. *Garden* (34 id. 97); *Witherbee* v. *Witherbee* (17 App. Div. 181). (See, also, *Foster* v. *Townshend*, 68 N. Y. 203; *Dibblee* v. *Metcalf*, 13 Misc. 136; *Felter* v. *Maddock*, 11 id. 297; *People* v. *St. Nicholas Bank*, 76 Hun, 522; *Strauss* v. *Casey Machine & Supply Co.*, 68 Misc. 474, 476; *Goodrich* v. *Sanderson*, 35 App. Div. 546, 556.)

Chief reliance is placed upon *Buckley* v. *Harrison* (10 Misc. 683), which is said to be controlling of the issues raised by the present motion. There an ancillary receiver of a foreign corporation sued to set aside a fraudulent transfer. The complaint was held to be fatally defective in that it failed to allege that the receiver had been specifically authorized by order of court to institute the action. The court regarded the ancillary receiver as a common-law receiver with powers "analogous to a temporary receiver in

an ordinary judgment creditor's bill." It quoted in its opinion and discussed section 1788 of the Code of Civil Procedure, which subsequently, upon the consolidation of the statutes of this State, became section 104 and, later, 162 of the General Corporation Law. The wording of section 1788 differs but slightly from that of section 162 of the General Corporation Law, quoted above. It provides that temporary receivers shall have " power to collect and receive the debts, demands, and other property of the corporation; to preserve the property, and the proceeds of the debts and demands collected; to sell or otherwise dispose of the property as directed by the court; to collect, receive and preserve the proceeds thereof; and to maintain any action or special proceeding, for either of those purposes." This section, it was ruled, did not justify the maintenance of an action to set aside a fraudulent conveyance, without special permission of the court.

It is to be observed that the power of suit conferred by the statute is expressly limited to the exercise of the powers enumerated in the section. A suit to set aside a fraudulent transfer is not an action to achieve any of the specified purposes of this provision. It implies more than the conservation of the corporation's property. It can hardly be said to be incidental to the collection of debts and demands. Many practical considerations must be weighed and the rival interests of stockholders and creditors balanced in determining whether the transfer should be approved or disaffirmed.

Moreover, as is pointed out by the court in the *Buckley* case, the receiver in such litigation occupies the position of a creditor and is subject to the legal disabilities of creditors. At the time of decision of that case, a creditor could not prior to judgment sue to set aside a transfer by a debtor. As no judgment had been obtained, the action could not be maintained either by creditors or by the receiver in their behalf. Consequently even if permission to sue had been secured, the receiver's suit would none the less have been defeated.

Here, however, the action is designed to accomplish the ends of the conservation order and the purposes of a temporary receivership. A suit to recover a debt is incidental to the exercise of the power to collect debts. The case thus differs materially from *Buckley* v. *Harrison*.

It is unnecessary for the purpose of this decision to formulate a comprehensive definition of the powers and duties of an ancillary receiver. His powers are at least equivalent to those of a temporary receiver. Regardless of whether section 162 is technically applicable to ancillary receiverships, it serves, at the very least, as a guide to the ascertainment of the receiver's powers.

Defendant asserts that a recovery by the conservator will not bar action by the foreign receiver. This would be true only if the ancillary receiver lacked the power to collect debts by legal action. The order of appointment contemplated the enforcement of the claims of the foreign corporation against residents of this State and is thus adequate protection against further litigation regarding the same claims.

I hold, therefore, that special leave of court is not essential to the maintenance of the present action. (See *Nealis* v. *American Tube & Iron Co.*, 150 N. Y. 42; *Felter* v. *Maddock, supra*, at p. 299; cf. Rules Civ. Prac. rule 175.) The motion to dismiss must be denied.